■ SCOTT DUNN et al., Appellants, v TOWN OF WARWICK et al., Respondents.—In an action for a judgment declaring the invalidity of a resolution adopted by the defendant Town Board of the Town of Warwick on April 23, 1987, authorizing the construction of a town hall, the plaintiffs appeal from an order of the Supreme Court, Orange County (Patsalos, J.), dated June 26, 1987, which granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment.

Ordered that the judgment is modified, on the law, by adding a provision declaring that the resolution adopted by the defendant Town Board of the Town of Warwick on April 23, 1987, authorizing the construction of a town hall, is valid;

as so modified, the order is affirmed, without costs or disbursements.

On April 23, 1987, the defendant Town Board of the Town of Warwick (hereinafter the Town Board), adopted a resolution authorizing the construction of a new town hall. The plaintiffs, all "registered voters and residents of the Town of Warwick", commenced the instant action for a judgment declaring that the resolution was invalid. The Supreme Court, Orange County, granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment.

In their complaint, and again on the instant appeal, the plaintiffs argued, *inter alia,* that the Town Board's resolution of April 23, 1987, was premature in that it was adopted before the Planning Board of the Town of Warwick, as an "involved agency", made its own "determination of significance", pursuant to the applicable regulations of the New York State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA; *see,* 6 NYCRR 617.6 [d] [3]). An "involved agency" is defined under the SEQRA regulations as an "agency that has jurisdiction by law to * * * approve * * * an action" (6 NYCRR 617.2 [t]). The plaintiffs argue that the Planning Board of the Town of Warwick is an "involved agency" herein since the proposed town hall is located in a residential district where, according to the Town of Warwick Zoning Ordinance, "Buildings, structures and uses owned and operated by the Town of Warwick" are permitted, as special uses, only upon authorization and plan approval by the Planning Board.

We disagree with the plaintiffs' argument.

In *Nehrbas v Incorporated Vil. of Lloyd Harbor* (2 NY2d 190), the Court of Appeals held that a municipality is not subject to its own zoning ordinance if the proposed use qualifies as a governmental, as distinguished from a proprietary, activity. Specifically, the Court of Appeals held in *Nehrbas v Incorporated Vil. of Lloyd Harbor (supra)* that the village could place, *inter alia,* an office for the village clerk and a meeting place for the village trustees in a district which was zoned under the village zoning ordinance solely for residential purposes.

We are aware that the Court of Appeals recently abolished the traditional "governmental versus proprietary distinction" in land use cases in favor of a "balancing of public interests analytic approach", in the case of *Matter of County of Monroe* (72 NY2d 338, 340-341). In that case, the County of Monroe

decided to expand its airport which was located in the City of Rochester. The City of Rochester argued, *inter alia,* that the County of Monroe had to obtain site plan review and approval of all the proposed improvements to the airport pursuant to City of Rochester Code § 115-30D (7) which required site plan approval for: "(7) Any development or redevelopment involving the construction of any building to be constructed, owned, leased, or operated by any unit of the national, state or local government, or the exterior alteration of any building to be constructed, altered, owned, leased or operated by the City of Rochester". The Appellate Division, Fourth Department, rejected the city's argument and held that the county was not subject to the city's site plan provisions on the ground that the county's proposed use was governmental in nature. The Court of Appeals affirmed, but did so based on the newly adopted "balancing of public interests approach" *(Matter of County of Monroe, supra,* at 341-342). In describing this new test, the Court of Appeals stated: "The American Law Institute and a great many States have adopted a balancing of public interests approach to resolve such land use disputes *(see,* 4 Rathkopf, Law of Zoning and Planning, at 53-48, n 17 [4th ed]; Model Land Dev Code §§ 7-301, 7-304, 12-201). This balancing approach subjects the encroaching governmental unit in the first instance, in the absence of an expression of contrary legislative intent, to the zoning requirements of the host governmental unit where the extraterritorial land use would be employed *(Rutgers State Univ. v Piluso,* 60 NJ 142, 152, 286 A2d 697, 702). Then, among the sundry related factors to be weighed in the test are: 'the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise concerned and the impact upon legitimate local interests' *(id.,* 60 NJ, at 153, 286 A2d, at 702). In *Orange County v City of Apopka* (299 So 2d 652, 655 [Fla App]), the catalogue of potential factors to be considered by the reviewing court was expanded to include the applicant's legislative grant of authority, alternative locations for the facility in less restrictive zoning areas, and alternative methods of providing the needed improvement *(see, Lincoln County v Johnson,* 257 NW2d 453, 458 [SD]; *Blackstone Park Improvement Assn. v Rhode Is. Bd. of Stds. & Appeals,* 448 A2d 1233 [RI], *supra).* Another important factor is intergovernmental participation in the project development process and an opportunity to be heard. Realistically, one factor in the calculus could 'be more

influential than another or may be so significant as to completely overshadow all others', but no element should be 'thought of as ritualistically required or controlling' *(Rutgers State Univ. v Piluso,* 60 NJ 142, 153, 286 A2d 697, 703, *supra)." (Matter of County of Monroe, supra,* at 343.)

Under the circumstances presented herein, we are of the view that regardless of whether we apply the "balancing of public interests approach" adopted by the Court of Appeals in *Matter of County of Monroe (supra,* at 341-342) or the holding of that court in *Nehrbas v Incorporated Vil. of Lloyd Harbor (supra),* the Town of Warwick is not obligated to obtain Planning Board approval for the construction of the proposed town hall.

We have reviewed the plaintiffs' remaining argument concerning the defendants' alleged violation of the Local Finance Law and find it to be without merit (Local Finance Law § 23.00 [a]; § 32.00).

Since this is a declaratory judgment action, the Supreme Court, Orange County, erred in dismissing the complaint without declaring the rights of the parties *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Accordingly, we have modified the judgment to make the appropriate declaration. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.