■ In the Matter of JON LaDELFA et al., Appellants-Respondents, v VILLAGE OF MT. MORRIS et al., Respondents-Appellants. [625 NYS2d 117] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in converting this CPLR article 78 proceeding to a declaratory judgment action. A CPLR article 78 proceeding is the proper vehicle where, as here, a party challenges a municipal determination to grant an application under a previously created statutory scheme (see, Press v County of Monroe, 50 NY2d 695, 701-703; Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184, 191). We, therefore, modify the judgment on appeal by vacating that portion converting this CPLR article 78 proceeding to a declaratory judgment action.

Respondents, Village of Mt. Morris and Meadowview Associ-

ates, L.P., contend that the court erred in concluding that petitioners had standing to challenge the Village Board's resolution. We disagree. One of the petitioners owned property near the project site and alleged that his property would suffer noneconomic harm from the environmental impacts of the project. That allegation is sufficient to show environmental harm that is different from that suffered by the public and to provide the requisite standing to pursue the claims *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Lo Lordo v Board of Trustees,* 202 AD2d 506; *Matter of Heritage Co. v Belanger,* 191 AD2d 790, 791).

We further conclude that the court properly annulled the January 10, 1994 resolution of the Village Board that approved Meadowview's proposal to construct a 24-unit apartment complex for elderly or handicapped individuals on the ground that the Village Board failed to comply with the State Environmental Quality Review Act (SEQRA). The record shows that, on January 11, 1994, the Village Board declared that the proposed project would not have a significant effect on the environment. That negative declaration was based on environmental assessment forms that erroneously stated that the proposed action complied with existing zoning and other land use restrictions. The forms incorrectly stated that building the project in an area zoned for single-family structures would not change the intensity of use of the land and would comply with the Village master land use plan. Because the Village Board, in issuing its negative declaration, failed to identify those relevant areas of environmental concerns and take a hard look at them, it did not comply with the requirements of SEQRA *(see, H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232; *see also, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417).

In light of our conclusion that the resolution of the Village Board was properly annulled, we need not address petitioners' contention that the project was not an "area" as defined in Private Housing Finance Law § 2 (1).

We have reviewed the remaining contentions raised by respondents in their cross appeals and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Livingston County, Smith, J.—Article 78.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.