■ In the Matter of RICHARD B. KELSKY, Appellant, v TOWN BOARD OF THE TOWN OF LEWISBORO, Respondent, and CONANT VALLEY ASSOCIATES, Intervenor-Respondent. [627 NYS2d 400] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Lewisboro, dated March 4, 1992, permitting the expansion of the Oakridge Water District and the Oakridge Sewer District to benefit the property of Conant Valley Associates, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered March 18, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner has alleged various environmental injuries that he will suffer as a result of the approval by the Town Board of the Town of Lewisboro of an expansion of a water and a sewer district that are adjacent to his property. The Town Board effectuated its approval pursuant to a resolution under Town Law § 194 (1). That subdivision generally delineates the factors that a Town Board must consider upon an application for the expansion of a water or sewer district. Among the factors to be considered are whether all the property owners within the proposed extension are "benefited thereby", whether all the property owners benefited are included within the limits of the proposed extension, and whether the proposed extension is in the public interest (Town Law § 194 [1] [b], [c], [d]).

In the instant case, the expansion of the water and sewer districts was made in contemplation of a proposed residential development to be constructed on a 73.029 acre plot, also

adjacent to the petitioner's property. The petitioner has unsuccessfully challenged the SEQRA review that was conducted by the lead agency that reviewed the proposed development, the Town of Lewisboro Planning Board *(see, Matter of Kelsky v Town of Lewisboro Planning Bd.,* 215 AD2d 483 [decided herewith]).

We agree with the Supreme Court that the petitioner does not have standing to bring the instant proceeding. Generally, to establish standing to review an administrative determination, a petitioner must show that he or she would suffer "direct harm, injury that is in some way different from that of the public at large". Additionally, "a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" *(Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761, 772-775; *see also, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 213 AD2d 484).

In the instant case, the environmental harms alleged by the petitioner do not fall within the zone of interest that would be promoted by a review of the Town Board's determination under the Town Law. Rather, the petitioner's allegations of environmental harm gave him standing to review the determination of the Planning Board, the lead agency under SEQRA *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 414). Since the in-fact injuries alleged do not fall within the zone of interest sought to be promoted by Town Law § 194 (1), the petitioner did not have standing to challenge the Town Board's determination in this case *(see also, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428; *cf., Mareno v Kibbe,* 32 AD2d 825). Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.