◼ In the Matter of PHILIPSTOWN DIRT ROADS ASSOCIATION et al., Appellants, v TOWN BOARD OF TOWN OF PHILIPSTOWN et al., Respondents. [668 NYS2d 51] —In a proceeding pursuant to

CPLR article 78 to review a determination of the Town Board of the Town of Philipstown dated August 14, 1996, to widen and pave portions of certain dirt roads, the appeal is from a judgment of the Supreme Court, Putnam County (Sweeney, J.), dated November 12, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The appellants, an unincorporated association and a number of property owners and residents of the Town of Philipstown, brought this proceeding to challenge a determination of the respondent Town Board of the Town of Philipstown (hereinafter the Town Board) to widen and pave certain dirt roads. The appellants claimed that such action would violate the Town's Master Plan, and that the Town Board's negative declaration of environmental significance was issued in violation of the mandates of the State Environmental Quality Review Act (ECL 8-0101 *et seq.* [hereinafter SEQRA]). The Supreme Court dismissed the proceeding, and we affirm.

The primary purpose of SEQRA is "to inject environmental considerations directly into governmental decision making" (*Matter of Coca-Cola Bottling Co. v Board of Estimate*, 72 NY2d 674, 679; *Akpan v Koch*, 75 NY2d 561, 569). It "insures that agency decision-makers—enlightened by public comment where appropriate—will identify and focus attention on any environmental impact of proposed action, that they will balance those consequences against other relevant social and economic considerations, minimize adverse environmental effects to the maximum extent practicable, and then articulate the bases for their choices" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 414-415). "A court's authority to examine SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688). The relevant question before a court is "whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417, *supra*; quoting *Aldrich v Pattison*, 107 AD2d 258, 265; *see, Matter of Merson v McNally*, 90 NY2d 742). Here, the appellants failed to establish that the Town Board's issuance of a negative declaration resulted from noncompliance with the mandates of SEQRA. Further, the Town Board's determination was not in violation

of the Town's Master Plan. Thus, the proceeding was properly dismissed. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.