■ In the Matter of JACKIE KING, Appellant, v COUNTY OF MONROE et al., Respondents. (Appeal No. 1.) [679 NYS2d 863] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Summary Judgment.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.

■ In the Matter of JACKIE KING, Appellant, v COUNTY OF MONROE et al., Respondents. (Appeal No. 2.) [679 NYS2d 779] —Judgment unanimously affirmed without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a negative declaration issued by respondent County of Monroe (County) and subsequent action taken with respect to the development and construction of a Sportsplex on a 12-acre site on the campus of Monroe Community College in the Town of Brighton (Town) and the lease of that site to private developers. Petitioner appeals from a judgment granting the County's motion to dismiss the amended petition and denying her cross motion for summary judgment on the first cause of action of the amended petition and other relief.

Supreme Court erred in concluding that petitioner lacked standing to challenge the State Environmental Quality Review Act (SEQRA) process undertaken by the County. Petitioner resides directly across the street from the proposed project and has alleged that her property will suffer environmental harm as a result of the project (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687; *Matter of LaDelfa v Village of Mt. Morris,* 213 AD2d 1024, 1025).

On the merits of the petition, the court further concluded that the County properly determined that the Town was not an "involved agency" (6 NYCRR 617.2 [s]) entitled to participate in the "lead agency" process and in the SEQRA review

(*see*, 6 NYCRR 617.6). That was error. Although the issuance of a permit for water and sewer connections is not a discretionary determination that is made based upon environmental concerns that are addressed in an environmental impact statement (*see*, 6 NYCRR 617.5 [c] [11]; *Incorporated Vil. of Atl. Beach v Gavalas*, 81 NY2d 322, 326), the determination whether to extend or expand a sewer district does involve such concerns (*cf., Matter of Kelsky v Town Bd.*, 215 AD2d 482), and the County should have identified the Town as an involved agency. However, the failure to identify the Town as an involved agency was not fatal. The County fully informed the Town of the environmental studies and reports regarding the proposed project and solicited the Town's input and comments on environmental concerns. Although the Town did not participate in the designation of the County as the lead agency, it received virtually the same notification and opportunity to participate in the SEQRA process that an involved agency would have received. The Town has not contested the designation of the County as lead agency, the County's issuance of a negative declaration or the proposed project. Thus, the failure to designate the Town as an involved agency was inconsequential and does not require annulment of the negative declaration or subsequent action taken by the County with respect to the project (*see, Webster Assocs. v Town of Webster*, 59 NY2d 220, 228-229; *Matter of Congdon v Washington County*, 130 AD2d 27, 31, *lv denied* 70 NY2d 610; *cf., Matter of Ferrari v Town of Penfield Planning Bd.*, 181 AD2d 149, 152).

Lastly, the record supports the court's determination that the County identified the relevant area of environmental concern, took a hard look at those concerns and set forth a reasoned elaboration for its negative declaration. Petitioner has failed to establish that the County's determination is arbitrary and capricious (*see, Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417; *Residents of Bergen Believe in Envt. & Democracy v County of Monroe*, 159 AD2d 81, 84, *appeal dismissed* 76 NY2d 936, *lv denied* 77 NY2d 803). (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—CPLR art 78.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.