■ In the Matter of ROBERT LAVERY et al., Appellants, v TOWN OF NEW CASTLE PLANNING BOARD, Respondent. UNICORN CONTRACTING CORPORATION, Intervenor-Respondent. [697 NYS2d 680] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated June 3, 1997, granting preliminary subdivision approval and a steep slope permit to the intervenor Unicorn Contracting Corporation, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered May 15, 1998, which, upon a determination that the granting of preliminary subdivision approval to the intervenor Unicorn Contracting Corporation did not violate the provisions of the State Environmental Quality Review Act, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

As the Court of Appeals stated in *Matter of Gernatt Asphalt Prods. v Town of Sardinia* (87 NY2d 668, 688): "A court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was

affected by an error of law or was arbitrary and capricious or an abuse of discretion. The relevant question before the court is 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*see also, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 396-397; *Matter of Coalition for Responsible Dev. v Town Planning Bd.,* 221 AD2d 626; *Matter of Philipstown Dirt Rds. Assn. v Town Bd.,* 246 AD2d 656).

Contrary to the petitioners' contention, the Town of New Castle Planning Board complied with the substantive requirements of the State Environmental Quality Review Act (*see,* ECL article 8) and, consequently, the Supreme Court properly dismissed the proceeding (*see, Matter of Coalition for Responsible Dev. v Town Planning Bd., supra; Matter of Kelsky v Town Bd.,* 215 AD2d 482, 484).

The petitioners' remaining contention is without merit. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.