■ In the Matter of SCENIC HUDSON, INC., et al., Appellants, v TOWN OF FISHKILL TOWN BOARD et al., Respondents. [699 NYS2d 70] —In a proceeding pursuant to CPLR article 78 to review a resolution of the Town of Fishkill Town Board, enacting Local Laws, 1997, No. 3 of the Town of Fishkill, the petitioners appeal from (1) an order of the Supreme Court, Dutchess County (Bernhard, J.), dated April 30, 1998, which, *inter alia,* denied the petition, and (2) a judgment of the same court entered June 26, 1998, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see,* CPLR 5701 [b]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The petitioners challenged the enactment of Local Laws, 1997, No. 3 of the Town of Fishkill, alleging that it was not

enacted in conformance with the State Quality Environmental Review Act (ECL art 8 [hereinafter SEQRA]). The local law at issue banned mining in all residential districts of the Town of Fishkill and permitted mining as of right in Planned Industry districts. Additionally, the local law rezoned the property of the respondents Thalle Construction Company and North State Associates from its previous residential zoning to Planned Industry zoning. For the reasons stated below, we conclude that the rezoning conformed with the requirements of SEQRA and therefore affirm the Supreme Court's dismissal of the proceeding.

Contrary to the petitioners' contention, our decision in *Matter of Scenic Hudson v Town of Fishkill Town Bd.* (258 AD2d 654) is not determinative of the instant appeal. In that case, the respondent Town of Fishkill Town Board issued a negative declaration in connection with a local law that had rezoned a 213-acre parcel from residential to Planned Industry. As evidenced by a subsequently enacted local law, that rezoning was part of a comprehensive plan to permit mining as an as-of-right use on the site. The enactment of successive local laws in this manner resulted in an improper segmentation of the Town Board's review of the environmental effects of the rezoning of the 213-acre site. Therefore, we annulled the rezoning of the site since the negative declaration that had been issued with respect to that rezoning had been the subject of an improperly segmented environmental review (*see, Matter of Scenic Hudson v Town of Fishkill Town Bd., supra; see also,* 6 NYCRR 617.2 [gg]; 617.3 [k] [1]; *Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 69; *Matter of Teich v Buchheit,* 221 AD2d 452).

In contrast, in the instant case, the respondent Town Board, in enacting Local Laws, 1997, No. 3, issued a positive declaration under SEQRA (*see,* 6 NYCRR 617.4 [a] [1]; *Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 397; *cf., Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark,* 253 AD2d 752). As a result, a generic environmental impact statement with respect to the comprehensive change in the Town's zoning ordinance was prepared. Also prepared was an environmental impact statement with respect to the rezoning of the respondents' parcel from residential to Planned Industry.

The petitioners, in challenging the environmental review herein, do not rely on any substantive defects in these environmental impact statements, but rather rely on the purported improper segmentation of the respondents' review of the rezoning. This argument is without merit. Unlike the situ-

ation in *Matter of Scenic Hudson v Town of Fishkill Town Bd. (supra)*, the action under review, the rezoning of the respondents' parcel, and the comprehensive change in the Town's zoning law, were not considered in a piecemeal fashion by the Town Board (*see also, Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920). To the contrary, in the instant case, the Town Board considered all relevant changes in its local zoning ordinance at one time, and subjected those changes to a full environmental review. We therefore reject the petitioners' assertion that the rezoning was deficient because it was the subject of segmented environmental review (*see, Matter of Schultz v Jorling,* 164 AD2d 252, 255-256).

We additionally reject the petitioners' assertion that the New York State Department of Environmental Conservation (hereinafter the DEC) was an involved agency under SEQRA. As noted, the action under review was a legislative change in the local zoning ordinance. The fact that the DEC will, in the future, have to issue a mining permit and perform an environmental review on a site-specific basis does not alter the nature of the action under review (*see,* 6 NYCRR 617.2; *see also, Dunn v Town of Warwick,* 146 AD2d 601, 602). We note, in any event, that the DEC was treated as an interested agency by the Town Board, and was given the opportunity to comment on the drafts of the environmental impact statements issued herein. Thus, any failure to designate the DEC as an involved agency was, under the particular circumstances of this case, inconsequential (*see, Matter of King v County of Monroe,* 255 AD2d 1003; *see also, Matter of Congdon v Washington County,* 130 AD2d 27, 31).

Under these circumstances, the proceeding was properly dismissed. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.