■ In the Matter of TERRACE MANOR CIVIC ASSOCIATION et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [754 NYS2d 22] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of North Hempstead rezoning the subject property based upon a determination of environmental nonsignificance, and an action for a judgment declaring that the rezoning as adopted in the resolution of the Town Board of the Town of North Hempstead, dated April 18, 2000, constituted illegal spot zoning, the petitioners-plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), dated October 4, 2001, which confirmed the determination and dismissed the proceeding pursuant to CPLR article 78, and, in effect, severed the declaratory judgment action, and (2) an order of the same court, dated March 5, 2002, which denied their motion, inter alia, for summary judgment on their causes of action seeking declaratory relief and granted the separate cross motions of the Town of North Hempstead, the Town Board of the Town of North Hempstead, and May Newburger, as Town Supervisor of the Town of North Hempstead, and Kimco Realty Corp., Manhasset Ventures, LLC, and King Kullen Grocery Co., Inc., which were for summary judgment dismissing the remaining causes of action insofar as asserted against them.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the rezoning, as adopted in the resolution dated April 18, 2000, did not constitute illegal spot zoning; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The rezoning at issue did not allow for a use which was different than that allowed in the surrounding area and was in conformity with the comprehensive plan of the Town of North Hempstead (*see Rodgers v Village of Tarrytown*, 302 NY 115; *Matter of Stone v Scarpato*, 285 AD2d 467).

The project was a reconfiguration, not an expansion, of an existing shopping center. In its resolution adopting the change

of zone the Town Board of the Town of North Hempstead (hereinafter the Town Board) held that reconfiguration of the existing shopping center would not have a significant impact on the environment and the environmental impact of traffic would be no greater than if the shopping center were fully occupied. In the environmental assessment form (hereinafter the EAF), the Town Board noted that it anticipated "potential impacts on traffic *operations*, but not on traffic *volume* and its resultant impacts on air quality and noise."

The EAF noted that a traffic "improvement plan" involving, among other things, adding an entrance to the site from Northern Boulevard eastbound "may serve to mitigate some of the potential impacts caused by the proposed action" and stated that the merits of such a plan "will be fully evaluated as part of the site plan review process." The appellants contend that deferring consideration of the merits of the proposed traffic control plan constituted an improper segmentation of environmental review. This contention is without merit.

The Town Board characterized the change of zone as an "unlisted action" for which there is no presumption of environmental significance or nonsignificance (*Matter of New York City Coalition to End Lead Poisoning v Vallone,* 293 AD2d 85, 91; *cf. Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush,* 299 AD2d 631). On appeal the appellants do not challenge the characterization as an unlisted action. The Supreme Court noted that since the project was classified as an unlisted action, the Town Board was not required to conduct a coordinated review with the Department of Transportation (*see* 6 NYCRR 617.6 [b] [4] [i]), which had jurisdiction over traffic control. 6 NYCRR 617.6 (b) (4) (i) permits uncoordinated review of unlisted actions by the lead agency "unless and until it determines that an action may have a significant adverse impact on the environment." Failure to address traffic concerns generated by a proposal to provide additional access to a proposed facility does not mean that the lead agency failed to take a hard look at environmental concerns (*see Matter of Boyles v Town Bd. of Town of Bethlehem,* 278 AD2d 688).

The appellants' remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.