# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**548**

**CA 15-01862**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF WELLSVILLE CITIZENS FOR
RESPONSIBLE DEVELOPMENT, INC.,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

WAL-MART STORES, INC., WAL-MART REAL ESTATE
BUSINESS TRUST, WAL-MART STORES EAST, LP, TOWN
OF WELLSVILLE, TOWN BOARD OF TOWN OF WELLSVILLE,
DEAN ARNOLD, IN HIS OFFICIAL CAPACITY AS HIGHWAY
SUPERINTENDENT OF TOWN OF WELLSVILLE,
RESPONDENTS-RESPONDENTS,
VILLAGE OF WELLSVILLE, ET AL., RESPONDENTS.

---

PARKER R. MACKAY, KENMORE, FOR PETITIONER-APPELLANT.

MANATT, PHELPS & PHILLIPS, LLP, NEW YORK CITY (KENNETH D. FRIEDMAN OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS WAL-MART STORES, INC., WAL-MART
REAL ESTATE BUSINESS TRUST, AND WAL-MART STORES EAST, LP.

LAW OFFICES OF HUTTER & FINN, WELLSVILLE (MICHAEL B. FINN OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS TOWN OF WELLSVILLE, TOWN BOARD OF TOWN OF
WELLSVILLE, AND DEAN ARNOLD, IN HIS OFFICIAL CAPACITY AS HIGHWAY
SUPERINTENDENT OF TOWN OF WELLSVILLE.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Allegany County (Terrence M. Parker, A.J.), entered June 12, 2015 in a
CPLR article 78 proceeding. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, and the petition is
granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the resolution of respondent Town Board of Town of
Wellsville (Town Board) adopting a negative declaration pursuant to
the State Environmental Quality Review Act ([SEQRA] ECL article 8)
with respect to the proposed construction of a Wal-Mart Supercenter
(hereafter, project) in respondent Town of Wellsville (Town). We
agree with petitioner that the Town Board failed to take the requisite
hard look at the impact of the project on wildlife, the community
character of respondent Village of Wellsville (Village) and surface
water, and thus that Supreme Court erred in denying the petition.

"Judicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Eisenhauer v County of Jefferson*, 122 AD3d 1312, 1313 [internal quotation marks omitted]; *see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348). In determining whether the substantive requirements of SEQRA were met, the scope of judicial review is "limited to whether the lead agency . . . identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y.*, 89 AD3d 1209, 1210, *lv denied* 18 NY3d 808 [internal quotation marks omitted]). However, "where a lead agency has failed to comply with SEQRA's mandates, the negative declaration must be nullified" (*Vallone*, 100 NY2d at 348).

We initially reject petitioner's two contentions based on alleged procedural violations. First, we reject petitioner's contention that the Town Board improperly failed to complete part 3 of the environmental assessment form (EAF). As long as the factors set forth in part 3 of the EAF are addressed by the lead agency in its environmental review of the project, there is no need to complete part 3, or to nullify the negative declaration if the lead agency fails to do so (*see Matter of Residents Against Wal-Mart v Planning Bd. of Town of Greece*, 60 AD3d 1343, 1344, *lv denied* 12 NY3d 715). Here, because the Town Board addressed each of the potentially moderate-to-large impacts identified in part 2 of the EAF, the negative declaration need not be annulled because of the Town Board's failure to fill out the EAF part 3 form. We also reject petitioner's contention that the Town Board's failure to notify the Planning Board of the Town of Wellsville before assuming lead agency status requires nullification of the negative declaration. Under the circumstances of this case, any failure of the Town Board in that regard was "inconsequential" (*Matter of King v County of Monroe* [appeal No. 2], 255 AD2d 1003, 1004, *lv denied* 93 NY2d 801).

With respect to the substantive contentions of petitioner based on the Town Board's alleged failure to take a hard look at several relevant impacts of the project, we first reject petitioner's contention that the Town Board failed to take a hard look at the impact of the project on traffic. The Town Board reviewed two extensive traffic impact studies and a supplemental traffic impact study and, although there were modifications to the project after the supplemental traffic impact study was approved by the New York State Department of Transportation, the "overall result of the modifications in their final form did not significantly change the total square footage of building area . . . [or] the total size of parking and landscaped areas" (*Matter of Monteiro v Town of Colonie*, 158 AD2d 246, 249; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 233-234). Contrary to petitioner's further contention, any alleged shortcomings in the Town Board's review of plans to provide additional access to the Supercenter via a road called Airway Drive do not require the conclusion that the Town Board

failed to take a hard look at the impact of the project on traffic (*see Matter of Terrace Manor Civic Assn. v Town of N. Hempstead*, 301 AD2d 534, 535).

We agree with petitioner, however, that the Town Board failed to take the requisite hard look at the impact of the project on wildlife, the community character of the Village, and surface water, and that the resolution adopting the negative declaration must therefore be annulled.  With respect to wildlife, the Town Board was apparently made aware in March 2014 that birds listed as "threatened" and of "special concern" by the New York State Department of Environmental Conservation (DEC), and listed on a "watch list" by the New York Natural Heritage Program (NHP), had been spotted on the project site. An ecological evaluation of the project site provided to the Town Board in August 2014, shortly before the negative declaration was issued, further noted that the area surrounding the project site is a habitat for "a myriad of songbirds and some raptors."  Despite that knowledge, the Town Board, in making its determination that the project would have no significant impact on wildlife, merely relied on letters from NHP and the U.S. Fish and Wildlife Service indicating that those agencies did not have any records of any endangered or threatened species on the project site.  The letter from NHP specifically warned, however, that the information therein "should not be substituted for on-site surveys that may be required for environmental impact assessment."  The Town Board never undertook or demanded any such on-site surveys.  Given the information received from the public that state-listed threatened species might be present on the project site and the failure of the Town Board to investigate the veracity of that information, we conclude that the Town Board failed to take a hard look at the impact of the project on wildlife, and the negative declaration with respect thereto was therefore arbitrary and capricious (*see Matter of Kittredge v Planning Bd. of Town of Liberty*, 57 AD3d 1336, 1337-1338; *Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*, 24 AD3d 1312, 1314-1315, *lv dismissed* 7 NY3d 803; *see generally Akpan v Koch*, 75 NY2d 561, 571).

With respect to the "community character" of the Village, we note that SEQRA defines "environment" as "the physical conditions which will be affected by a proposed action, including . . . existing community or neighborhood character" (ECL 8-0105 [6]), and "require[s] a lead agency to consider more than impacts upon the physical environment," including "the potential displacement of local residents and businesses" (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 366).  Therefore, contrary to the Town Board's apparent conclusion, "[a] town . . . board reviewing a big box development should consider the impact of the development on the community character of a neighboring village that might suffer business displacement as a result of the approval of the big box development" (SEQR Handbook, at 179 [3d ed 2010]; *see Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 94-95, *lv dismissed* 12 NY3d 793, 15 NY3d 817; *Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 98).  Because there is no evidence in the record before us that the Town Board even considered the impact of the

project on the community character of the Village, we conclude that it failed to take a hard look at that impact, requiring annulment of the resolution adopting the negative declaration on that ground as well.

Finally, with respect to the impact of the project on surface water, we conclude that the Town Board erred in failing to consider the surface water impact of the entire project.  While the Town Board considered surface water impacts relating to the footprint of the Supercenter and related areas, the project documents submitted to the Town Board make clear that the reconstruction of four golf course holes on a golf course adjacent to the project is a central part of the project, and the DEC specifically directed that the environmental assessment of the project include consideration of that reconstruction.  Because the surface water studies presented to the Town Board did not include an analysis of the potential surface water impact of the golf course reconstruction portion of the project, and the record does not demonstrate that the Town Board otherwise considered that impact, we conclude that the Town Board failed to undertake the requisite hard look at the potential surface water impact of the entire project (*see Matter of Long Is. Pine Barrens Socy. v Town Bd. of Town of Riverhead*, 290 AD2d 448, 448-449, *lv denied* 98 NY2d 615).  Thus, annulment of the Town Board's resolution adopting the negative declaration also is required on that ground.

Entered:  June 17, 2016                        Frances E. Cafarell
                                               Clerk of the Court