(23 Misc. Rep. 317.)

PEOPLE ex rel. SWARTWOUT v. VILLAGE OF PORT JERVIS et al.

(Supreme Court, Special Term, Orange County. April, 1898.)

1. MUNICIPAL CORPORATIONS—ASSESSMENT OF TAXES.

Port Jervis Village Charter of May 11, 1898, provided that the clerk should prepare the assessment roll from the last assessment roll of the town of Deer Park, following said assessment roll as to valuation, and made it the duty of the trustees to correct it "in the same manner as boards of supervisors may by law correct the town rolls of their county." The board was also vested with power to add to the assessment roll property

improperly omitted; and where the value could not be ascertained from such last assessment roll, or any error had been made by the town assessors either in valuation or description, the trustees should ascertain the true value, and give notice to persons interested, and proceed in the same manner as the town assessors are required to proceed in the valuation of taxable property, the hearing of grievances, and revision of the town assessment roll. *Held*, that the board of trustees had no power to make an assessment of personalty not contained in the assessment roll against a resident without notice after notice of the hearing of grievances.

2. CERTIORARI—REVIEW OF TAX ASSESSMENT.
Where no notice of final completion of an assessment roll has been given as provided by Laws 1896, c. 908,. § 38, the time within which an application for certiorari to review an assessment therein may be made is unlimited.

Certiorari by the people, on the relation of Henry B. Swartwout, against the village of Port Jervis and others, to review an assessment. Judgment for relator.

R. Ed. Schofield and Wm. A. Parshall, for relator.
John W. Lyon, for respondents.

HIRSCHBERG, J. The present village charter was passed May 11, 1898. It abolished the office of assessors, and charged the clerk with the duty of preparing the assessment roll in the first instance, so far as possible, "from the last preceding assessment roll of the town of Deer Park after its final revision by the town assessors, following said town assessment roll as to valuation of taxable property"; and it charged the board of trustees with the duty of correcting and finally completing the roll so made by the clerk. The board is vested with power to make such corrections "in the same manner as boards of supervisors may by law correct the town rolls of their county." The board is also vested with power to add to said assessment roll any property improperly omitted therefrom at a just and equitable valuation; and where the valuation of any taxable property cannot be ascertained from the last assessment roll of the town, or where such valuation has increased or diminished since such assessment, or any error, mistake, or omission shall have been made by the town assessors in a description or valuation of taxable property, "the trustees shall ascertain the true value of the property to be taxed from the best evidence in their power, give notice to the persons interested, and proceed in the same manner as the town assessors are required by law to proceed in the valuation of taxable property and hearing all grievances and a revision of the town assessment roll." In accordance with these provisions the town clerk prepared the assessment roll for 1896, and notice was given that the board of trustees would revise and correct it on the 16th day of June, 1896. It did not contain any assessment against the relator for personal property. He heard, however, that the board intended to assess him for bank stock held by him, and he appeared before them on the 16th to protest against such assessment. On that day he made affidavit, and submitted to an oral examination under oath, swearing to existing indebtedness in excess of his personal estate, and not created for the purpose of avoiding taxation. The board then had in its possession lists of the stockholders in the local banks,

and by resolution such lists were then annexed to the assessment roll, and thereafter such roll was altered and completed by inserting opposite the relator's name the assessment complained of for personal property. It seems clear that this asssessment was unlawful. After the roll is completed, and notice given that grievances will be heard on a day stated, the roll can only be altered by the correction of errors, while changes in the persons or property assessed or the adjudged valuations can only be made upon the complaint of the party aggrieved. People v. Forrest, 96 N. Y. 544. The relator, finding no assessment against him for personal property, might well have remained away on grievance day, and no assessment could lawfully have been made against him on that day. His voluntary attendance to protest did not waive the immunity nor confer jurisdiction upon the board. The lists of stockholders did not constitute any part of the assessment roll, and in this respect the case is clearly distinguishable from People v. Clapp, 64 Hun, 547, 19 N. Y. Supp. 531, cited by the respondents' counsel. In that case the roll was in separate sheets, but in legal form, and those sheets, when afterwards bound together, comprised the completed roll. In this case the lists formed no part of the final roll, but merely furnished information to the board as a basis for new and additional assessments which were afterwards incorporated in the roll. The difference is vital and fatal.

The application for the writ of certiorari was timely. The papers do not show that the notice of final completion of the roll was given as required by section 38 of the tax law (chapter 908, Laws 1896, taking effect June 15, 1896), and the time for the application for the writ is accordingly unlimited. People v. Haupt, 104 N. Y. 377, 10 N. E. 871, and In re Corwin, 135 N. Y. 245, 32 N. E. 16. In making this decision I do not wish to be understood as assenting to the proposition of relator's counsel that the town clerk may not add persons and property not on the preceding roll, or that the board may not, upon due notice, make like additions. The decision goes no further than a denial of the power of the board to make additional assessments on grievance day without notice. Judgment is ordered in favor of the relator, without costs.

Judgment for relator, without costs.