---

(83 App. Div. 60.)

### PEOPLE ex rel. DINSMORE v. VANDEWATER et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. HIGHWAYS—ORDERS LAYING OUT—FAILURE TO RECORD—EFFECT.

The failure to record an order of highway commissioners laying out a highway in the town clerk's office, as required by Laws 1890, pp. 1192, 1193, c. 568, §§ 80, 81, does not invalidate the proceedings.

2. SAME—DETERMINATION TO LAY OUT—REVIEW—TIME FOR APPLICATION.

The time to apply for a writ of certiorari to review an order of highway commissioners laying out a highway, as fixed by Code Civ. Proc. § 2125, providing that a writ of certiorari to review the determination of commissioners laying out a highway must be granted within four months after the determination becomes final and binding on the relator, does not begin to run until the order laying out the highway is recorded in the town clerk's office as required by Laws 1890, pp. 1192, 1193, c. 568, §§ 80, 81.

Appeal from Special Term, Suffolk County.

The opinion of the court below is as follows:

The failure to record the order sought to be reviewed in this proceeding in accordance with the provisions of sections 80 and 81 of the highway law (Laws 1890, pp. 1192, 1193, c. 568) did not, under the decisions in analogous cases, invalidate the proceedings. Manhattan Company v. Laimbeer, 108 N. Y. 578, 15 N. E. 712. But, in order to restrict the time to review the proceedings, the requirements of the statute must be strictly complied with, and in this connection it seems to me significant that the town clerk is specifically directed to note the time of the recording of the order. In proceedings to review assessments by certiorari the courts have held that the statutory direction must be strictly observed to limit the time to apply for writ. Swartout v. The Village of Port Jervis, 23 Misc. Rep. 317, 52 N. Y. Supp. 59. And they have also held that, in order to limit the time to appeal, the requirements of section 1351 of the Code of Civil Procedure must be observed with great particularity. In my opinion, very strong reasons exist why a strict compliance with the statute should be exacted in these proceedings in order to foreclose the right of a party aggrieved to review the order of the highway commissioners. The question of the right to make the order complained of may be more properly considered after the return to the writ of certiorari has been made. The time to make such return is extended until twenty days after the filing of the order denying this motion to quash the writ.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Henry B. Anderson, for appellants.

Edgerton L. Winthrop, Jr. (William Jay and Flamen B. Candler, on the brief), for respondent.

GOODRICH, P. J.    The relator petitioned for a writ of certiorari requiring the members of the town board and the commissioners of highways of the town of Hyde Park to certify and return to the court all their proceedings and the papers in the matter of closing a part of the New York and Albany Post Road in that town, and laying out a new highway in lieu of the part closed.    A motion was made by the defendants to quash the writ on the ground that the order to close was recorded in the town clerk's office on October 22, 1900, pursuant to sections 80 and 81 of the highway law (Laws 1890, pp. 1192, 1193, c. 568), and that under section 2125 of the Code of Civil Procedure a writ of certiorari to review the determination must be granted within four months after such determination had become final and binding on the relator, and that the relator did not file his petition until May, 1902.    The relator contends that, while the order was filed in October, 1900, it was not recorded as required by section 80, and consequently that his time to apply for a writ of certiorari to review did not commence to run on the day named.    Under these circumstances, Mr. Justice Smith denied the motion, delivering an opinion which is hereto appended.    We affirm the order on his opinion.

Order denying motion to quash writ affirmed, with $10 costs and disbursements.    All concur.

---

(83 App. Div. 54.)

PEOPLE ex rel. DINSMORE v. VANDEWATER et al.

(Supreme Court, Appellate Division, Second Department.    May 28, 1903.)

1. HIGHWAYS—STATE ROAD—ALTERATION—POWER OF TOWN BOARDS.

2. SAME.

1 Colonial Laws, p. 532, c. 131, established a certain highway.    Laws 1882, p. 381, c. 317, provides that county boards of supervisors may authorize town boards to alter or discontinue any public highway laid out by the state within their boundaries.    Held, that a town board, without authority from the proper county board of supervisors, had no power to make a material alteration in the highway established by 1 Colonial Laws, p. 532, c. 131.

3. SAME—DISPOSITION OF BED OF EXISTING HIGHWAY ON COMPLETION OF ALTERATION.

A town board ordering a material alteration in the location of an existing highway has no authority to order that the bed forming the existing highway shall revert on the completion of the proposed alteration to, and