WILLIAM J. SCHIEFFELIN, Respondent, *v.* JOHN F. HYLAN
et al., Constituting the Board of Estimate and Appor-
tionment of the City of New York, et al., Appellants.

*Schieffelin* v. *Hylan*, 188 App. Div. 192, affirmed.

(Argued October 1, 1919; decided October 21, 1919.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered June 6, 1919, which affirmed an order
of Special Term granting a motion for the continuance
of an injunction *pendente lite* in a taxpayer's action.

The following questions were certified:

"1. Has the board of estimate and apportionment of
the city of New York power to authorize the issuance of
corporate stock of the city of New York to the amount of
$4,500,000, under the resolution of February 7, 1919, and to
apply the proceeds thereof as provided by said resolution?

"2. Does the Rapid Transit Act, as amended by
chapter 226 of the Laws of 1912, require that such part
of the expenses of the public service commission as are
included in the cost of the construction of the dual
system of subways shall be paid out of the proceeds of
the sale of the corporate stock of the city of New York,
or has the board of estimate and apportionment an
election from which source to authorize payment of such
expenses?

"3. Do the provisions of subway contract No. 3
express the determination by the public service com-
mission for the first district, which is provided for in
section 10 of the Rapid Transit Act, as added by chapter
226 of the Laws of 1912, as to the part of the commission's
expenses to be included in the cost of construction of the
railroad to be built under such contract?

"4. Do the provisions of subway contract No. 4
express the determination by the public service com-
mission for the first district, which is provided for in
section 10 of the Rapid Transit Act, as added by chapter
226 of the Laws of 1912, as to the part of the com-
mission's expenses to be included in the cost of construc-
tion of the railroad to be built under such contract?

38

" 5. Has the public service commission made such a requisition for or determination of, the part of its expenses to be included in the cost of construction of the railroad under the Rapid Transit Act provided for under subway contract No. 3 or under subway contract No. 4 so as to authorize the issue of corporate stock of the city for such purpose under section 10 of the Rapid Transit Act, as amended?

" 6. Where all the expenses of the public service commission have been paid from revenue bonds of the city of New York, may the board of estimate and apportionment of said city, upon proper determination of the public service commission, that some part of such expenses shall be included in subway construction cost, authorize the city to issue its corporate stock upon the basis of such expenses, and apply the proceeds of such stock in part to redeem such special revenue bonds, and in part to the general fund for reduction of city taxation?

" 7. Upon the facts and in the circumstances disclosed by this record is the plaintiff entitled to maintain a taxpayer's action to restrain the defendants from carrying out the terms of the resolution of February 7, 1919, which is the subject of the present controversy? "

*William P. Burr*, Corporation Counsel (*John F. O'Brien* and *John Lehman* of counsel), for appellants.

*Leonard M. Wallstein* for respondent.

Order affirmed, with costs. First question certified answered in negative. Third, fourth and seventh questions answered in affirmative. Fifth question answered in negative. The public service commission has made no sufficient requisition. Second and sixth questions not answered; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Absent: HOGAN, J.