█ ANTONIO MARENO et al., as Taxpayers of the Town of Yorktown, Appellants, v. JOHN R. KIBBE et al., Constituting the Town Board of the Town of Yorktown, et al., Respondents, et al., Defendants.— In an action *inter alia* to declare the nullity of certain orders with respect to the Yorktown Heights Sewer District, for an injunction and to recover money damages, in which plaintiffs made a motion to dismiss respondents' affirmative defenses and for partial summary judgment, the appeal is from an order of the Supreme Court, Westchester County, dated April 3, 1968, which *inter alia* (1) treated plaintiffs' motion insofar as it was directed to such defenses as were pleaded as a second defense to the first cause of action and a defense to the second and third causes of action, as a motion for summary judgment and (2) granted summary judgment to respondents. Order modified, on the law, by deleting the fourth, fifth, sixth, and seventh decretal paragraphs thereof and adding a decretal paragraph thereto granting plaintiffs' motion to the extent of dismissing the first affirmative defense to the first cause of action. As so modified, order affirmed, with $10 costs and disbursements to appellants. No questions of fact have been considered. In our opinion, Special Term should not on its own motion have treated plaintiffs' motion as a motion for summary judgment as above described (CPLR 3211, subd. [c]). No request for summary judgment was made on behalf of respondents in the affidavit submitted in opposition to plaintiffs' motion; and, though occasions will arise when summary judgment may properly be granted when motions to dismiss pleadings have been initially served (cf. 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.50), we think that the parties should be apprised of the court's intention so to treat the pending motions before it prior to decision, so that an appropriate record and submission of the facts and law may be made by the parties. It is not apparent on this record that the parties were informed prior to decision of the court's determination to treat the pending motion as one for summary judgment. In any event, we think that plaintiffs, as taxpayers of the Town of Yorktown, have standing to maintain the causes of action stated in the amended and supplemental complaint. Plaintiffs' allegation that the establishment of the district resulted in the assumption of unduly burdensome financial obligations by the town constitutes a claim of such injury to them in their status as taxpayers as to entitle them to assert the causes of action, notwithstanding the fact that they do not own property within the district (*Schieffelin* v. *Hylan*, 106 Misc. 347, affd. 188 App. Div. 192, affd. 227 N. Y. 593). We are further of the opinion that respondents' first affirmative defense to the first cause of action should have been dismissed on the ground that the mere filing of the order establishing the sewer district extension does not satisfy the requirement of recording provided in section 195 of the Town Law (*People ex rel. Dinsmore*

v. *Vandewater*, 83 App. Div. 60, app. dsmd. 176 N. Y. 558). Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.