■ ARMAND J. ROSENBERG, Respondent-Appellant, v DORIS L. SASSOWER et al., Appellants-Respondents.—In an action to recover damages for the acts of the defendant attorneys arising out of their representation of plaintiff's wife, (1) defendant George Sassower appeals from so much of (a) an order of the Supreme Court, Westchester County, dated July 29, 1974, as granted his motion to dismiss the six causes of action asserted in the complaint only to the extent of dismissing two of those causes of action and (b) an order of the same court, dated January 22, 1975, as denied his cross motion for summary judgment as to the four remaining causes of action, (2) defendant Doris Sassower appeals from so much of an order of the same court, dated July 9, 1975, as denied her cross motion for summary judgment as to the four remaining causes of action and (3) plaintiff appeals from so much of an order of the same court, dated March 24, 1975, as (a) vacated its prior decision granting plaintiff's motion for partial summary judgment as to the fifth cause of action and (b) denied the said motion. Orders dated July 29, 1974 and March 24, 1975, affirmed insofar as appealed from, without costs or disbursements. Order dated January 22, 1975 modified, on the law, by adding to the end of the fourth decretal paragraph thereof, the following: "as to the fifth cause of action and granted as to the remaining causes of action". As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order dated July 9, 1975 modified, on the law, by (1) deleting so much of the third decretal paragraph thereof as appears between the words "the fifth cause of action is" and the word "denied" and (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision that the cross motion of the defendant Doris L. Sassower is granted with respect to the remaining causes of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements. We believe that Special Term erred in denying the defendants' motions for summary judgment based upon the doctrine of *res judicata.* The order which was the basis of Special Term's decision to apply the doctrine resulted from a denial of a motion by defendant George Sassower to dismiss the complaint pursuant to CPLR 3211 for failure to state a cause of action. That motion was clearly addressed only to the face of the complaint. Furthermore, Mr. Sassower did not ask the court to treat the motion as one for summary judgment and there is no indication that Special Term decided on its own to treat the motion as such (see *Mareno v Kibbe,* 32 AD2d 825). The affidavits submitted in support of the motions by the defendants for summary judgment looked beyond the face of the complaint. Therefore, the motions should have been decided on their merits. In our opinion, questions of fact are raised only as to the fifth cause of action (conversion). It is our belief that the defendants are entitled to summary judgment as to the remaining causes of action. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.