■ IVAN BLACK, Plaintiff, v LONG ISLAND RAILROAD COMPANY et al.,

Defendants and Third-Party Plaintiffs-Respondents-Appellants. HENRY KNESE MARINE S & S, INC., Third-Party Defendant Appellant-Respondent.—In a negligence action to recover damages for personal injuries, (1) the third-party defendant appeals from so much of an order of the Supreme Court, Queens County, dated October 30, 1975, as denied the branch of its motion which sought to dismiss the second cause of action asserted in the third-party complaint and (2) the third-party plaintiffs cross-appeal from so much of the said order as, upon treating the motion to dismiss the third-party complaint as one for summary judgment, dismissed the first cause of action thereof. Order modified by (1) deleting the first decretal paragraph thereof and (2) deleting from the second decretal paragraph thereof all words following the words "is denied". As so modified, order affirmed, with $50 costs and disbursements to third-party plaintiffs. In our opinion, the third-party complaint sufficiently states causes of action sounding in common-law and contractual indemnity. Accordingly, the motion to dismiss for failure to state a cause of action should have been denied. Special Term should not, on its own initiative, have treated the motion to dismiss the third-party complaint, made pursuant to CPLR 3211 (subd [a], par 7), as one for summary judgment under CPLR 3211 (subd [c]). No request for that relief was made in the affidavits and there is no indication in the record on this appeal that the parties were informed of the court's intention to so treat the pending motion "so that an appropriate record and submission of the facts and law might be made by the parties" (see *Mareno v Kibbe,* 32 AD2d 825). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.