*704 OPINION OF THE COURT
Bernadette Bayne, J.
The plaintiff, a nurse employed by defendant, the Mount Sinai Hospital, claims that on May 24, 2009, while working an extra “on-call shift” at the defendant hospital, she was forced by the defendants to assist in an abortion procedure against her known religious objection. The plaintiff further alleges that in retaliation to complaints that she made to her supervisors, and a grievance that she filed under her union’s collective bargaining, the defendants assigned the plaintiff only one extra “on-call shift” for the month of August 2009. The plaintiff also claims that, in July of 2009, the defendants demanded, and she refused, to sign a document stating that she would assist in abortion procedures, if they were deemed emergencies by the hospital, or her requests to be assigned to the extra “on-call shifts,” for which she volunteered, in the month of September 2009 would be denied.
Thereafter, the plaintiff commenced an action in the United States District Court for the Eastern District of New York, claiming that the defendant hospital’s actions constitute prohibited discrimination under the Church Amendment (42 USC § 300a-7 [c]). The plaintiff also sought an injunction (1) prohibiting Mount Sinai from receiving any further qualifying federal funds under 42 USC § 300a-7 (c) until it demonstrated compliance with the Church Amendment’s nondiscrimination provisions; (2) requiring Mount Sinai to disgorge qualifying federal funds it received under 42 USC § 300a-7 (c); and (3) ordering Mount Sinai to restore plaintiffs access to on-call surgical team assignments and to refrain from forcing the plaintiff and other health care personnel to participate in abortion procedures against their objections. Finally, the plaintiff asked for damages from Mount Sinai for violating her rights under the Church Amendment.
Ultimately, the District Court concluded that there was “no basis for implying a private right of action under the Church Amendment,” and granted the defendant’s motion to dismiss the action pursuant to rule 12 (b) (6) of the Federal Rules of Civil Procedure (Cenzon-DeCarlo v Mount Sinai Hosp., 2010 WL 169485, *4, 2010 US Dist LEXIS 3208, *12 [ED NY, Jan. 15, 2010, No. 09 CV 3120 (RJD)]). In November of 2010, the United States Court of Appeals for the Second Circuit affirmed the decision of the Eastern District Court, stating that “[s]ection 300 does not confer upon Cenzon-DeCarlo a private right of action *705 to enforce its terms.” (Cenzon-DeCarlo v Mount Sinai Hosp., 626 F3d 695, 699 [2010].) The court also found that the plaintiff was not entitled to injunctive relief, stating that “[b]ecause we find no indication of Congressional intent to confer a private right of action, injunctive relief would not be an appropriate remedy here.” (Id.) The District Court declined to exercise supplemental jurisdiction over the state law claims made by the plaintiff and the appeals court noted, with regard to the plaintiffs state discrimination claims, that “[w]hile making no statement on the possible merits of such claims, we observe that these and other avenues to potential relief remain open to her.” (Id.)
The plaintiff thereafter commenced an action in state court, alleging violations of article I, §§ 3 and 11 of the New York State Constitution; section 296 (1) (a) and (7) of the Executive Law; section 8-107 (1) and (7) of the Administrative Code of the City of New York; and section 79-i of the Civil Rights Law. The plaintiff also alleges a cause of action sounding in intentional infliction of emotional distress.
The defendants in this action move this court for an order, pursuant to CPLR 3211 (a) (7), dismissing the plaintiff’s complaint, in its entirety, “because it fails to state a claim upon which relief may be granted.” Specifically, the defendants argue that the plaintiffs claim under article I, § 3 of the New York State Constitution should be dismissed because it “only pertains to state action and therefore does not apply to private employers or individuals.” The defendants similarly argue that the plaintiff’s claim under Civil Rights Law § 79-i should be dismissed “because it is a criminal statute that does not confer a private right of action.”
The defendants further argue that the plaintiff’s “claims under the New York State and City Human Rights Laws should be dismissed because there are no factual allegations connecting her claims of hostile work environment and retaliation to her religion.” The defendants also argue that the plaintiffs claims under article I, § 11 of the New York State Constitution should be dismissed because the plaintiff “fails to state a claim of discrimination on the basis of her religion under the New York City and State Human Right laws. Her claim under Article 1, Section 11 of the New York State Constitution should therefore be dismissed.”
Finally, the defendants argue that the plaintiff’s claims of intentional infliction of emotional distress should also be *706 dismissed because “[t]he allegations in the Plaintiffs complaint clearly do not rise to the level of extreme and outrageous conduct required of an emotional distress claim.”
In opposition to the motion, the plaintiff argues that the portion of the defendant’s motion seeking dismissal of the plaintiffs claims that were made pursuant to the Executive Law, the Administrative Code and article I, § 11 of the New York State Constitution should be denied because “[r]eligious discrimination is thoroughly alleged in the complaint” and because the defendants “severely misunderstand employment discrimination law, failing to acknowledge the different legal theories of discrimination that the Court must recognize: discrimination as failure to accommodate, as creating a hostile work environment, and as quid pro quo adverse action discrimination.” The plaintiff contends that the allegations in the complaint thoroughly support the various religious discrimination claims being asserted.
The plaintiff also argues that the portion of the defendants’ motion seeking dismissal of her cause of action under Civil Rights Law § 79-i should be denied because, contrary to the defendants’ contentions, the plaintiff “need not show that Civil Rights Law § 79-i has an implied right of action, since Article 1, Section 11 of the Constitution combines with § 79-i to afford her relief even in the absence of an explicit right of action stated under § 79-i.” The plaintiff also argues that, in addition to the foregoing, “§ 79-i does contain an implied private right of action.”
The plaintiff also opposes the portion of the defendants’ motion seeking dismissal of her claim for intentional infliction of emotional distress, arguing that the claim should not be dismissed because she “has pled a textbook case of intentional infliction of emotional distress,” which the “[defendants only rebut by another denial of the facts.”
Finally, although the plaintiff makes a general argument regarding the claims and allegations that she made pursuant to article I, § 3 of the New York State Constitution, and why those claims should not be dismissed, in the conclusion paragraph of her opposition papers, the plaintiff states that “Mrs. DeCarlo respectfully requests that the Court deny Defendant’s Motion to Dismiss except with respect to the claim under Art. I, § 3 of the New York Constitution, the Complaint’s Second Cause of Action.” Based on this statement, the plaintiff concedes that the claims made pursuant to article I, § 3 of the New York State Constitution should be dismissed.
*707 In reply to the plaintiffs opposition papers, the defendants essentially reiterate the arguments set forth in their motion papers. The defendants argue that the plaintiffs “claims under Article 1, Section 3 of the New York Constitution should be dismissed” because the plaintiff “cites no authority to contradict the well-established law that Article 1, Section 3 of the New York Constitution only pertains to state actors.” The defendants’ reply papers also state that the plaintiff “does not dispute that there is no express right of action under NY Civil Rights Law § 79-i,” and argues that there is also “no implied right of action under Civil Rights Law § 79-i.” The defendants renew their argument that the plaintiff neither states a viable discrimination claim, nor a viable retaliation claim, and that as such, the plaintiffs New York State and City Human Rights Laws claims should be dismissed as well. The defendants also reiterate their argument that the plaintiffs claim “under Article 1, Section 11, of the NY Constitution should be dismissed” because the plaintiff “does not allege that any of the Defendants knew what religion she practiced.” Finally, the defendants restate their contention that the plaintiffs “claims of Intentional Infliction of Emotional Distress should be dismissed” because “[t]he allegations in the complaint do not rise to the level of extreme conduct required of an emotional distress claim.”
Discussion
In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action, the court must determine whether, accepting as true the factual averments of the complaint, the plaintiff can succeed on any reasonable view of the facts stated, and the court is required to accord the plaintiff the benefit of all favorable inferences which may be drawn from the pleading, without expressing an opinion as to whether the plaintiff can ultimately establish the truth of the allegations before the trier of fact. (See Campaign for Fiscal Equity v State of New York, 86 NY2d 307 [1995].) When a cause of action may be discerned, no matter how poorly stated, the complaint should not be dismissed for failure to state a cause of action. (L. Magarian & Co. v Timberland Co., 245 AD2d 69 [1st Dept 1997].) However, vague and conclusory allegations are insufficient to maintain a cause of action. (Fowler v American Lawyer Media, 306 AD2d 113 [1st Dept 2003].)
In this case, the plaintiff, in the conclusion paragraph of her opposition papers, concedes that her claim pursuant to article I, *708 § 3 of the New York State Constitution should be dismissed. As such, the portion of the defendants’ motion seeking dismissal of the plaintiffs second cause of action, is granted.
Civil Rights Law § 79-i states:
“1. When the performing of an abortion on a human being or assisting thereat is contrary to the conscience or religious beliefs of any person, he may refuse to perform or assist in such abortion by filing a prior written refusal setting forth the reasons therefor with the appropriate and responsible hospital, person, firm, corporation or association, and no such hospital, person, firm, corporation or association shall discriminate against the person so refusing to act.
“A violation of the provisions of this section shall constitute a misdemeanor.
“2. No civil action for negligence or malpractice shall be maintained against a person so refusing to act based on such refusal.”
In Larson v Albany Med. Ctr. (252 AD2d 936 [3d Dept 1998]), the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) based on, inter alia, the fact that no private right of action exists under Civil Rights Law § 79-i. In affirming the granting of the defendant’s motion, the Court, citing Murphy v American Home Prods. Corp. (58 NY2d 293 [1983]), and Sabetay v Sterling Drug (69 NY2d 329 [1987]), noted that
“[t]he Court of Appeals has strongly stated its position that there is no cause of action in tort for abusive or wrongful discharge of an employee and that such recognition must await legislative action. This strong public policy, coupled with the failure to give expression either in Civil Rights Law § 79-i or in the legislative commentary attendant on its passage to the inclusion of a private cause of action, fully supports Supreme Court’s dismissal thereof. Although, as Supreme Court determined, the plaintiffs were of the class for whose benefit the statute was enacted and a private right of action would promote the legislative purpose, the factor considered most critical in the determination of whether a civil right of action exists is not implied in the statute, that is, the Legislature has not chosen such relief in its legislative scheme. The Legislature specifically provided a criminal sanction and added *709 protection from any civil liability. We conclude that in face of this clear policy, no private cause of action sounding in wrongful discharge can be implied.” (Larson at 938 [citations omitted]; see Carrier v Salvation Army, 88 NY2d 298 [1996]; CPC Intl. v McKesson Corp., 70 NY2d 268 [1987]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314 [1983].)
Based upon the foregoing, this court similarly finds that Civil Rights Law § 79-i confers no private cause of action and that no private cause of action sounding in discrimination can be implied. As such, the portion of the defendants’ motion seeking dismissal of the plaintiffs seventh cause of action, is granted.
It is well settled that CPLR 3211 (c) empowers the court on any CPLR 3211 motion, whether to dismiss a cause of action under subdivision (a) or to dismiss a defense under subdivision (b), to “treat” the motion as one for summary judgment. The impact of such a treatment is that the disposition will as a rule be deemed a disposition on the merits and thus entitled to res judicata treatment. The nature of the ground on which the 3211 motion was made may not necessarily have elicited all the evidence that might be expected on an outright summary judgment application. In such situations, it is well settled that the court must notify the parties of its intention to make the treatment, so as to enable the parties to submit whatever additional documents they may have to buttress their positions, “so that an appropriate record . . . may be made.” (See e.g. Mareno v Kibbe, 32 AD2d 825, 825 [2d Dept 1969].)
In Mihlovan v Grozavu (72 NY2d 506 [1988]), the Court, citing Rovello v Orofino Realty Co. (40 NY2d 633 [1976]), clearly stated that the lower court’s “sua sponte treatment of the motion as one for summary judgment per orig source deprived the plaintiff of the opportunity to make an appropriate record and thus thwarted the very purpose of CPLR 3211 (c).” (Emphasis and internal quotation marks omitted.)
The parties are hereby advised that it is the intention of this court to convert the defendants’ motion to dismiss to one for summary judgment, wherein the remainder of the relief requested in the defendants’ motion to dismiss, will be addressed, to the extent that it has not already been addressed in this order.
*710 Conclusion
Accordingly, it is ordered, that the defendants’ motion to dismiss the plaintiffs complaint in its entirety, is granted only to the extent that the plaintiffs second and seventh causes of action are dismissed.