Howard T. Hogan, J.
Pursuant to section 555 of article 15-A of the General Municipal Law and the Nassau County Administrative Code, Glen Cove Urban Renewal Agency seeks to condemn certain real property owned by objectant, Zausmer, along with other land to assemble a tract for industrial development.
The agency plans to sell the entire tract when assembled to private interests for development and has proceeded with negotiations toward that end. Zausmer’s property is a vacant, irregularly shaped lot, having a frontage of approximately 49 feet with a depth on the north side of 173 feet and along the south side of about 65 feet. Contiguous to Zausmer’s lot is an improved parcel somewhat larger owned by Mr. Shapiro, the prospective purchaser and designated developer of the entire area to be condemned. Shapiro’s property is not within the area of the urban renewal project.
Zausmer objected to the condemnation on the ground that the authority by its announced intent of selling his property and the other lands to be condemned to Shapiro without giving him (Zausmer) an opportunity to bid for the land and upon its proposed development to an industrial park denied him the equal protection of the law. He concedes the authority has the power to condemn; that the proposed development is a legitimate public purpose; his only objection is refusal of the authority to take bids for the purchase and development. At the hearing the evidence indicated Zausmer was offered $2.15 per square foot for his land; that the remainder of the vacant property was appraised at 64 cents per square foot and all the property including Zausmer’s would be sold to the developer at approximately 73 cents per square foot. This he argues is a waste of taxpayers’ money. Moreover, he offers to compete in the bidding and represents he will follow any plan of development prescribed by the authority if he may be permitted to purchase. He argues the condemnation of his property is for the sole purpose of conveying his land to Shapiro. Zausmer contends that Shapiro is being allowed to keep his present building; that the purchase of the land to be condemned and its development by Shapiro will be an independent investment for him; and that this method which the authority intends to follow not only is a waste of taxpayers’ money but enriches Shapiro; and that the taking of his parcel will not be a benefit to the public. The authority admits it plans to sell all the land to be acquired to Shapiro, including Zausmer’s, for industrial development without open bidding *188 and declines to accept Zausmer’s offer to purchase and build even though in conformity with the authority’s plans and specifications.
Despite the fact that Zausmer concedes that the petitioner has the authority to condemn and that the purpose herein is a legitimate public one, his objection, based upon the refusal of the Urban Renewal Agency to take bids including his for the sale and redevelopment of the property taken leads to only one conclusion: That the taking is really for a private purpose to benefit a private individual, the redeveloper. Zausmer contends that the redeveloper will be unjustly enriched at the expense of both Zausmer and the citizenry of Glen Cove.
It has been held many times that the necessity of a taking is a legislative determination not reviewable by the courts (Kaskel v Impellitteri, 306 NY 73, cert den, 347 US 934; Cuglar v Power Auth. of State of New York, 4 Misc 2d 879, affd 4 AD2d 801, affd 3 NY2d 1006). The review by the court is strictly limited to the question of whether the taking is for a public, purpose (Yonkers Community Development Agency v Morris, 45 AD2d 889, affd 37 NY2d 478). The proposed use or purpose herein, redevelopment of an urban area for industrial uses is clearly a public one and the fact that the condemned property will be sold to a private entity to effectuate the redevelopment does not destroy the public use (Cannata v City of New York, 11 NY2d 210, app dsmd 371 US 4).
Zausmer’s attack on the taking, therefore, must fall and his only complaint is that he was denied the opportunity to be the redeveloper. His objection is directed at section 507 of the General Municipal Law and what he contends is a denial of equal protection in the method of selection of the redeveloper pursued by petitioner under the statute. This issue is collateral to the issues on this application to condemn and is improperly raised herein. Usually the validity of a statute may only be attacked directly and not collaterally. This is particularly true in an eminent domain proceeding (9 ALR3d 291).
The proper vehicle for Zausmer’s action, if he has one, would be an article 78 proceeding to review the determination of the Common Council of the City of Glen Cove approving the choice of the redeveloper under section 507 (subd 2, par [d]) of the General Municipal Law or a declaratory judgment action seeking to review the methodology of selection of redevelopers in urban renewal proceedings under subdivision 2 of section *189 507 of the statute, or both of such actions. While the court is of the opinion that the methods contained in the statute dealing with the choice of a redeveloper without the necessity of public bidding may not be unconstitutional or deprive a prospective redeveloper of equal protection per se, the possibilities do exist in such method of fraud or collusion in the choice of a redeveloper. That issue, however, is not before us, nor can we come to any conclusion based upon the facts presented.
Accordingly, the application to condemn the subject parcel should be granted.