■ In the Matter of SINCLAIR HABERMAN, Petitioner, v CITY OF LONG BEACH et al., Respondents. [762 NYS2d 425] —Proceeding pursuant to EDPL 207 to review a determination of the City Council of the City of Long Beach dated August 20, 2002, made after a public hearing, to condemn a parcel of real property owned by the petitioner for urban renewal purposes.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

After a public hearing, the respondent City Council of the City of Long Beach (hereinafter the City Council) adopted a resolution to condemn a parcel of vacant oceanfront land, containing more than six acres, commonly known as the "Superblock." The petitioner owns a lot in the Superblock, containing approximately 2.52 acres.

A study commissioned by the City of Long Beach in 1998 determined that the Superblock area was substandard and blighted due to the existence of vacant and underutilized properties which were insufficiently sized and configured. The study concluded that full development of this prime area would require assemblage of the properties to allow for comprehensive redevelopment as a single site, and that the area was appropriate for urban renewal. The City Council thereafter prepared an Urban Renewal Plan, which proposed to acquire the Superblock properties and redevelop them for retail, residential, commercial, and recreational uses. Requests for proposals were sent out and a developer was selected. The petitioner's proposals for development of the Superblock, although considered, were rejected. The petitioner contends that condemnation of

his property where he is ready, willing, and able to develop the property in a manner that is fully consistent with the City's urban renewal plan serves no valid public purpose, and for this reason, the determination to condemn must be annulled. We disagree.

A municipality's taking of substandard land for urban renewal serves a valid public purpose (*see Yonkers Community Dev. Agency v Morris*, 37 NY2d 478, 482 [1975]; *see also Matter of Glen Cove Dev. Agency*, 259 AD2d 750 [1999]; *Sun Co. v City of Syracuse Indus. Dev. Agency*, 209 AD2d 34, 43 [1995]; *Matter of Horoshko*, 90 AD2d 850 [1982]). "Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2, and whether a public use, benefit, or purpose will be served" (*Matter of Congregation Gates of Prayer of Far Rockaway v New York City School Constr. Auth.*, 286 AD2d 439 [2001]). In this instance, the respondents made that showing (*see* EDPL 207 [C]; *Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 84 NY2d 287, 295 n 2 [1994]; *Matter of Waldo's Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]; *Matter of Glen Cove Urban Renewal Agency*, 84 Misc 2d 186 [1975]).

The petitioner also contends that the City Council, in issuing a negative declaration, did not take a "hard look" at the proposed development's environmental impact, thus violating the mandates of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). No basis has been established for setting aside the negative declaration. After preparation of draft and final generic environmental impact statements, and upon further review of a site specific environmental review conducted with regard to the proposed project, the City Council determined that there was no need to prepare a supplemental environmental impact statement because the proposed project was virtually identical to the preferred plan analyzed in the generic studies and there were no significant adverse impacts (*see* 6 NYCRR 617.10). That determination was neither arbitrary, capricious, nor an abuse of discretion (*see Akpan v Koch*, 75 NY2d 561, 570 [1990]; *cf. Matter of UPROSE v Power Auth. of the State of N.Y.*, 285 AD2d 603, 607 [2001]).

The petitioners' remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.