In the Matter of ALEXANDRA COURSEN et al., Appellants, v PLANNING BOARD OF THE TOWN OF POMPEY et al., Respondents, et al., Respondents. [829 NYS2d 373]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered October 31, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners appeal from a judgment dismissing their amended petition seeking, inter alia, to annul the determination of respondent Planning Board of the Town of Pompey (Board) pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) approving the application of respondents Lori Kleine and Kyle Kleine to subdivide a parcel of approximately 53 acres into six lots. We reject petitioners' contention that the Board failed to comply with SEQRA. In issuing the negative declaration, the Board properly "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348 [2003] [internal quotation marks omitted]). Petitioners' reliance on *Matter of Citizens Against Sprawl-Mart v Planning Bd. of City of Niagara Falls* (8 AD3d 1052 [2004]) is misplaced. In that case, the lead agency failed to complete parts 2 and 3 of the full environmental assessment form, and we concluded that the agency's failure to do so nullified the SEQRA negative declaration (*id.* at 1053). In contrast, the minutes of the Board meeting in this case establish that the Board considered the factors set forth in parts 2 and 3 of the short environmental assessment form and provided its answers. We therefore conclude that the Board properly complied with SEQRA's mandates (*see New York City Coalition to End Lead Poisoning*, 100 NY2d at 348). We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.