In the Matter of Residents Against Wal-Mart, by its President, Donn P. Price, Appellant, v Planning Board of Town of Greece et al., Respondents. [875 NYS2d 691]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Monroe County (John J. Ark, J.), entered May 1, 2008. The judgment granted the motion of respondents and dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Planning Board of Town of Greece (Planning Board) issuing a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) and granting site plan approval for the construction of, inter alia, a Wal-Mart Supercenter (project). Petitioner appeals from a judgment dismissing the petition. We affirm.

We note at the outset that Supreme Court erred in determining that petitioner lacks standing to bring this proceeding. Petitioner met its burden of demonstrating "that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit*, 50 AD3d 1460, 1460-1461 [2008]). We further conclude that, although the court properly determined that the owners of the property on which the project would be located should have been joined as necessary parties in this proceeding (*see* CPLR 1001 [a]; *Matter of Spence v Cahill*, 300 AD2d 992, 992-993 [2002], *lv denied* 1 NY3d 508 [2004]), under the circumstances of this proceeding the court erred in dismissing the petition without summoning those property owners (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]).

Contrary to the contention of petitioner, however, that part of the Planning Board's determination granting site plan approval of the project was not arbitrary and capricious based on the alleged failure of the project to comply with certain zoning ordinance setback requirements (*see generally Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). We reject petitioner's further contention that the project is inconsistent with any comprehensive master plan of the Town of Greece.

Petitioner also contends that the negative declaration of the Planning Board must be annulled because the Planning Board failed to complete parts 2 and 3 of the full environmental assessment form (EAF) pursuant to SEQRA. We reject that contention inasmuch as the minutes of the final Planning Board meeting at which the project was discussed establish that the Planning Board in fact addressed the factors set forth in parts 2 and 3 of the full EAF (*see Matter of Coursen v Planning Bd. of Town of Pompey*, 37 AD3d 1159, 1160 [2007]).

Contrary to the further contention of petitioner, the Planning Board complied with the requirements of General Municipal Law §§ 239-m and 239-n. In our view, the record does not demonstrate a deficiency in the materials referred to the Monroe County Department of Planning and Development (DPD) or a

substantial difference between the materials forwarded to the DPD and those that were before the Planning Board for final action on the application for site plan approval (*cf. Matter of Ferrari v Town of Penfield Planning Bd.*, 181 AD2d 149, 152-153 [1992]). Petitioner's contention that the Planning Board erred in issuing a conditional negative declaration in this Type I SEQRA action is also without merit (*see* 6 NYCRR 617.2 [h]). The record establishes that the conditions were not imposed in an attempt to avoid a determination that the project has a significant adverse environmental impact. Rather, those conditions addressed aesthetic aspects of the project (*see generally Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y.*, 224 AD2d 95, 102-103 [1996], *lv denied* 89 NY2d 802 [1996]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.