In the Matter of Hartford/North Bailey Homeowners Association, by Frank S. Pasztor, its President, Appellant, v

Zoning Board of Appeals of the Town of Amherst et al., Respondents. (Proceeding No. 1.) In the Matter of Hartford/ North Bailey Homeowners Association, by Frank S. Pasztor, its President, Appellant, v Planning Board of the Town of Amherst et al., Respondents. (Proceeding No. 2.) [881 NYS2d 265]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered July 16, 2008 in proceedings pursuant to CPLR article 78. The judgment dismissed the petitions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced these consolidated CPLR article 78 proceedings seeking, inter alia, to annul the determination of the Zoning Board of Appeals of the Town of Amherst (ZBA), a respondent in proceeding No. 1, issuing a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) and granting an area variance for the construction of a Wal-Mart Supercenter (project). Petitioner also sought to annul the determination of the Planning Board of the Town of Amherst (Planning Board), a respondent in proceeding No. 2, issuing a negative declaration pursuant to SEQRA and granting site plan approval for the project. Petitioner appeals from a judgment granting the motion of the Benderson Development Co., Inc., a respondent in both proceedings, and the cross motion of the Planning Board, the ZBA and respondent Wal-Mart Stores, Inc., also a respondent in both proceedings, seeking to dismiss the petitions. We affirm.

At the outset, we agree with petitioner that Supreme Court erred in determining that it lacks standing to maintain these proceedings. Petitioner met its burden of establishing "that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello,*

2 NY3d 207, 211 [2004]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit*, 50 AD3d 1460, 1460-1461 [2008]). We further conclude that, although the court properly determined that the owners of two parcels of property on which the project would be located should have been joined as necessary parties in these proceedings (*see* CPLR 1001 [a]; *Matter of Southwest Ogden Neighborhood Assn. v Town of Ogden Planning Bd.*, 43 AD3d 1374 [2007], *lv denied* 9 NY3d 818 [2008]), the court erred in dismissing the petitions on that procedural ground without summoning the two property owners (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 726 [2008]).

We conclude, however, that the court properly granted the motion and the cross motion on the merits. We reject petitioner's contention that the Planning Board and the ZBA (collectively, Town respondents) failed to comply with the requirements of SEQRA. We agree with petitioner that the Town respondents improperly classified the project as an unlisted action (*see* 6 NYCRR 617.2 [ak]), rather than as a type I action (*see* 6 NYCRR 617.4). Nevertheless, the record establishes that they followed the procedural and substantive guidelines applicable to a type I action (*see Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk*, 158 AD2d 801, 803-804 [1990], *lv denied* 76 NY2d 706 [1990]; *see also Matter of Steele v Town of Salem Planning Bd.*, 200 AD2d 870, 872 [1994], *lv denied* 83 NY2d 757 [1994]), and thus the improper classification is of no moment. Petitioner further contends that the negative declarations issued by the Town respondents must be annulled because the Town respondents failed to complete parts 2 and 3 of the full environmental assessment form (EAF) pursuant to SEQRA. We reject that contention because the record establishes that the Town respondents in fact considered the factors set forth in parts 2 and 3 of the full EAF (*see Matter of Residents Against Wal-Mart v Planning Bd. of Town of Greece*, 60 AD3d 1343, 1344 [2009]; *Matter of Coursen v Planning Bd. of Town of Pompey*, 37 AD3d 1159 [2007]).

We further reject petitioner's contention that the Town respondents erred in determining that the project will have no significant adverse impact on the environment. In issuing their respective negative declarations, the Town respondents "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for [their] determination[s]" (*Matter of Jackson v New York State*

*Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688-690 [1996]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.