# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1118

OP 14-00510

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ROSCOE A. EISENHAUER, JR.,
PETITIONER,

V                                                          MEMORANDUM AND ORDER

COUNTY OF JEFFERSON, RESPONDENT.

---

EISENHAUER LAW FIRM, WATERTOWN (ROSCOE A. EISENHAUER, JR., OF
COUNSEL), FOR PETITIONER.

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (JULIAN B. MODESTI OF
COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Proceeding pursuant to EDPL 207 (initiated in the Appellate
Division of the Supreme Court in the Fourth Judicial Department) to
annul a determination of respondent to condemn certain real property
by eminent domain.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to
EDPL 207, seeking judicial review of respondent's determination to
condemn certain real property for the purpose of expanding a runway at
a public airport. Preliminarily, we note that "[t]he burden is on the
party challenging the condemnation to establish that the determination
was without foundation and baseless . . . Thus, [i]f an adequate basis
for a determination is shown and the objector cannot show that the
determination was without foundation, the [condemnor's] determination
should be confirmed" (*Matter of GM Components Holdings, LLC v Town of
Lockport Indus. Dev. Agency*, 112 AD3d 1351, 1352, *appeal dismissed* 22
NY3d 1165, *lv denied* 23 NY3d 905 [internal quotation marks omitted]).

We reject petitioner's contention that respondent failed to
demonstrate that an actual public use, benefit, or purpose will be
served by the proposed taking. "A 'public use, benefit or purpose'
must exist to warrant the exercise of the power of eminent domain
(EDPL 204 [B] [1])" (*Matter of Syracuse Univ. v Project Orange Assoc.
Servs. Corp.*, 71 AD3d 1432, 1433, *appeal dismissed and lv denied* 14
NY3d 924), and " '[w]hat qualifies as "public purpose" or "public use"
is broadly defined as encompassing virtually any project that may
confer upon the public a benefit, utility, or advantage' " (*id.*).
" 'Whether a use to which property is to be devoted by a condemnor is,
in fact, for the public benefit is a question to be determined by

[this] [C]ourt[] based on the record' " (*id.*), and on these facts we conclude that the taking is for the public benefit.

We also reject petitioner's contention that the taking is excessive, both in volume and in nature. " 'While it is well established that a condemnor cannot take, by use of the power of eminent domain, property not necessary to fulfill the public purpose, it is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill that purpose' " (*Matter of Doyle v Schuylerville Cent. Sch. Dist.*, 35 AD3d 1058, 1059, *lv denied* 9 NY3d 804, *rearg denied* 9 NY3d 939; *see Hallock v State of New York*, 32 NY2d 599, 605). On this record, we conclude that respondent neither abused nor improvidently exercised its discretion in determining the scope of the taking (*see Matter of Butler v Onondaga County Legislature*, 39 AD3d 1271, 1272).

Finally, petitioner contends that respondent failed to comply with EDPL 207 (4) and article 8 of the Environmental Conservation Law ([SEQRA] State Environmental Quality Review Act). " 'Judicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" ' (*Akpan v Koch*, 75 NY2d 561, 570 [1990], quoting CPLR 7803 [3]). 'In assessing an agency's compliance with the substantive mandates of the statute, the courts must "review the record to determine whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" ' (*id.*, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]" (*Matter of Chinese Staff & Workers' Assn. v Burden*, 19 NY3d 922, 924; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688). Applying those rules here, we reject petitioner's instant contention (*see generally Matter of Hartford/North Bailey Homeowners Assn. v Zoning Bd. of Appeals of Town of Amherst*, 63 AD3d 1721, 1723-1724, *lv denied in part and dismissed in part* 13 NY3d 901).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court