# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**836**

**CA 15-00089**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DESIREE DAWLEY, JAMES DAWLEY,
LYNN BARBUTO, ROBERT BARBUTO, JAMES NEARPASS,
ASTRID NEARPASS, TODD WORDEN, LAURA WORDEN,
JONATHAN MORELLI AND JANE MORELLI,
PETITIONERS-APPELLANTS,

           V                                 MEMORANDUM AND ORDER

WHITETAIL 414, LLC, WILMORITE, INC., TOWN OF
TYRE TOWN BOARD, JAMES LEONARD AND JEANNE
LEONARD, RESPONDENTS-RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS WHITETAIL 414, LLC, WILMORITE, INC., JAMES
LEONARD AND JEANNE LEONARD.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (THOMAS R. SMITH OF COUNSEL),
FOR RESPONDENT-RESPONDENT TOWN OF TYRE TOWN BOARD.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered
September 18, 2014 in a CPLR article 78 proceeding. The judgment
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
reversed on the law without costs, and the petition is granted.

Memorandum: Petitioners commenced this CPLR article 78
proceeding seeking, inter alia, to annul the negative declaration
issued by respondent Town of Tyre Town Board (Town Board) on June 12,
2014 under the State Environmental Quality Review Act ([SEQRA] ECL art
8) with respect to the proposed construction of the Lago Resort and
Casino. Respondents filed answers seeking dismissal of the petition.
Following additional written submissions and oral argument, Supreme
Court dismissed the petition. We conclude that the court erred in
doing so, and we therefore reverse.

We agree with petitioners that the negative declaration issued on
June 12, 2014 failed to contain a written "reasoned elaboration" as
required by 6 NYCRR 617.7 (b) (4). Although the Town Board issued the
negative declaration at the June 12, 2014 meeting, the record

establishes that special counsel for the Town of Tyre subsequently prepared an attachment entitled "Reasons Supporting the Determination of Significance in Part 3 of Full Environmental Assessment Form." According to submissions made by special counsel in support of respondents' answers seeking dismissal of the petition, the attachment was prepared to "explain[] the findings made by the Town Board at the meeting and the rationale for the Negative Declaration."  Notably, the attachment was not provided to the members of the Town Board until July 11, 2014.  Moreover, the record establishes that the Town Board has never passed a resolution approving and/or adopting the attachment as part of its negative declaration.  Nonetheless, respondents contend, and the court agreed, that there was compliance with SEQRA's procedural mandates.  We reject that contention.

It is well settled that SEQRA's procedural mechanisms mandate strict compliance, and anything less will result in annulment of the lead agency's determination of significance (*see Matter of King v Saratoga County Bd. of Supervisors*, 89 NY2d 341, 347).  "[L]iteral rather than substantial compliance with SEQRA is required" (*Matter of Badura v Guelli*, 94 AD2d 972, 972; *see Matter of Tupper v City of Syracuse*, 46 AD3d 1343, 1344, *lv denied* 10 NY3d 709).  Here, 6 NYCRR 617.7 (b) (4) requires that, in making the determination of significance, the lead agency—in this case the Town Board—must "set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation."  We conclude that the intent of the regulation is to focus and facilitate judicial review and, of no lesser importance, to provide affected landowners and residents with a clear, written explanation of the lead agency's reasoning at the time the negative declaration is made.  We reject respondents' contention that we should search the entire record to discern the Town Board's reasoning as of June 12, 2014 in making the determination to issue the negative declaration.  "A record evincing an extensive legislative process . . . is neither a substitute for strict compliance with SEQRA's [written] reasoned elaboration requirement nor sufficient to prevent annulment" (*Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 82 AD3d 1377, 1379).  We therefore reverse the judgment and grant the petition, thereby annulling the negative declaration and vacating the site plan approval and all related resolutions.

In light of our determination, we do not address petitioners' remaining contentions.

CARNI and DeJOSEPH, JJ., concur.

CENTRA, J.P., concurs in the following memorandum:  I agree with the majority that Supreme Court erred in dismissing the petition, but I write separately because, in my view, a transcript of a hearing may in certain circumstances satisfy the requirement that a lead agency "set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation" (6 NYCRR 617.7 [b] [4]; *see Matter of Coursen v Planning Bd. of Town of Pompey*, 37 AD3d 1159, 1160).  Under the circumstances of this case, however, the transcript from the June

12, 2014 meeting did not satisfy the requirements of 6 NYCRR 617.7 (b) (4). The transcript of the meeting shows that some of the responses of the members of respondent Town of Tyre Town Board were equivocal, and thus in my view the lead agency's determination of significance is not supported by the requisite reasoned elaboration.

VALENTINO, J., dissents and votes to affirm in the following memorandum: I respectfully dissent. I disagree with the majority's conclusion that respondent Town of Tyre Town Board (Town Board) failed to comply strictly with SEQRA's procedural mandates. To the contrary, I conclude that the Town Board's determination was made in accordance with lawful procedure (see *Akpan v Koch*, 75 NY2d 561, 570; *Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1020) and, thus, that Supreme Court properly dismissed the petition. I would therefore affirm the judgment.

The transcript from the June 12, 2014 meeting satisfied the requirement for "a written form containing a reasoned elaboration" for the Town Board's determination of no significant adverse environmental impacts (6 NYCRR 617.7 [b] [4]; *see Matter of Residents Against Wal-Mart v Planning Bd. of Town of Greece*, 60 AD3d 1343, 1344, *lv denied* 12 NY3d 715; *Matter of Coursen v Planning Bd. of Town of Pompey*, 37 AD3d 1159, 1160). Here, the information contained in the attachment referenced by the majority was addressed—in much the same language—at the June 12, 2014 meeting, as were other documents created prior to that meeting. The minutes from the June 12, 2014 meeting establish that each of the 10 areas that were identified as having at least one potentially moderate to large impact were discussed at length before the Town Board members found no significant adverse environmental impacts. In my view, those minutes demonstrate that the Town Board "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348 [internal quotation marks omitted]).

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court