Valentino, J.
(dissenting). I respectfully dissent. I disagree with the majority’s conclusion that respondent Town of Tyre Town Board (Town Board) failed to comply strictly with SEQRA’s procedural mandates. To the contrary, I conclude that the Town Board’s determination was made in accordance with lawful procedure (see Akpan v Koch, 75 NY2d 561, 570 [1990]; Matter of Forman v Trustees of State Univ. of N.Y., 303 AD2d 1019, 1020 [2003]) and, thus, that Supreme Court properly dismissed the petition. I would therefore affirm the judgment.
The transcript from the June 12, 2014 meeting satisfied the requirement for “a written form containing a reasoned elaboration” for the Town Board’s determination of no significant adverse environmental impacts (Department of Environmental Conservation Regulations [6 NYCRR] § 617.7 [b] [4]; see Matter of Residents Against Wal-Mart v Planning Bd. of Town of Greece, 60 AD3d 1343, 1344 [2009], lv denied 12 NY3d 715 [2009]; Matter of Coursen v Planning Bd. of Town of Pompey, 37 AD3d 1159, 1160 [2007]). Here, the information contained in the attachment referenced by the majority was addressed — in much the same language — at the June 12, 2014 meeting, as were other documents created prior to that meeting. The minutes from the June 12, 2014 meeting establish that each of the 10 areas that were identified as having at least one potentially moderate to large impact were discussed at length before the Town Board members found no significant adverse environmental impacts. In my view, those minutes demonstrate that the Town Board “identified the relevant areas of environ *1573 mental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination” (Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 348 [2003] [internal quotation marks omitted]). Present— Centra, J.P., Carni, Valentino and De Joseph, JJ.