Matter of United Ref. Co. of Pa. v Town of Amherst (2019 NY Slip Op 05270)





Matter of United Ref. Co. of Pa. v Town of Amherst


2019 NY Slip Op 05270


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


129 OP 18-01675

[*1]IN THE MATTER OF UNITED REFINING COMPANY OF PENNSYLVANIA, PETITIONER,
v
TOWN OF AMHERST, RESPONDENT. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (BRODY D. SMITH OF COUNSEL), FOR PETITIONER.
STANELY J. SLIWA, TOWN ATTORNEY, WILLIAMSVILLE, FOR RESPONDENT. 


 Proceeding pursuant to Eminent Domain Procedure Law § 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent. The determination resolved to condemn certain real property. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent authorizing the condemnation of petitioner's real property. The property is located on the corner of Niagara Falls Boulevard and Kenmore Avenue in the Town of Amherst, New York. It is currently vacant, aside from an asphalt covering, and is surrounded by a series of concrete barriers.
Pursuant to EDPL 207, which governs judicial review of a determination to condemn property, our review is " very limited' " (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed and lv denied 14 NY3d 924 [2010], quoting Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]). We must either confirm or reject the condemnor's determination, and our review is "confined to whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with the [State Environmental Quality Review Act ([SEQRA] ECL art 8)] and EDPL article 2; and (4) the acquisition will serve a public use" (Grand Lafayette Props. LLC, 6 NY3d at 546). "The burden is on the party challenging the condemnation to establish that the determination was without foundation and baseless . . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the [condemnor's] determination should be confirmed" (Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014] [internal quotation marks omitted]; see Matter of Eisenhauer v County of Jefferson, 122 AD3d 1312, 1312 [4th Dept 2014]). Here, we conclude that petitioner failed to meet its burden.
We reject petitioner's contention that the condemnation will not serve a public use. "What qualifies as public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Syracuse Univ., 71 AD3d at 1433 [internal quotation marks omitted]). In its determination, respondent stated that petitioner's vacant property is located in an area "in dire need of . . . re-investment . . . especially [in] vacant and underutilized lots" and concluded that the condemnation and subsequent improvement of petitioner's property would benefit the area's redevelopment. It is well settled that redevelopment and urban renewal are valid public uses (see Matter of Haberman v City of Long Beach, 307 AD2d 313, 313-314 [2d Dept 2003], appeal dismissed 1 NY3d 535 [2003], lv denied 3 NY3d 601 [2004], cert dismissed 543 US 1086 [2005]; Matter of Bendo v Jamestown [*2]Urban Renewal Agency, 291 AD2d 859, 860 [4th Dept 2002], lv denied 98 NY2d 603 [2002]; Sunrise Props. v Jamestown Urban Renewal Agency, 206 AD2d 913, 913 [4th Dept 1994], lv denied 84 NY2d 809 [1994]; see generally Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 525 [2009]). Here, respondent's condemnation of the vacant property serves the public use of redevelopment and urban renewal.
We likewise reject petitioner's contention that respondent's reasons for the taking were a pretext for unconstitutional action and that respondent could have constructed its proposed project, which included a park, bus stop improvements, and a mixed-use building, on a nearby parcel. As noted, respondent's action is intended to serve the public use of urban renewal. Even assuming that respondent could have constructed each of its proposed improvements on another parcel, this alternative action would not remedy the concern underlying the condemnation, i.e., the vacancy and underutilization of petitioner's property. We also reject petitioner's contention that respondent's determination should be annulled because petitioner offered to develop the property. The fact that petitioner claimed that it was "ready, willing, and able" to develop the property does not render respondent's action improper under these circumstances (Haberman, 307 AD2d at 314).
Petitioner further contends that respondent's condemnation was excessive or otherwise improper because respondent did not need to acquire the entire property in order to construct its proposed improvements and because respondent could have accomplished its goal by accepting petitioner's offer to lease the property to respondent or grant it an easement. We reject that contention. Respondent was not required to accept petitioner's proposal that respondent take less than full title (see Matter of Doyle v Schuylerville Cent. School Dist., 35 AD3d 1058, 1059 [3d Dept 2006], lv denied 9 NY3d 804 [2007], rearg denied 9 NY3d 939 [2007]), and "the condemnor has broad discretion in deciding what land is necessary to fulfill [its] purpose" (Eisenhauer, 122 AD3d at 1313 [internal quotation marks omitted]). On this record, we conclude that respondent neither abused nor improvidently exercised its discretion in determining the scope of the taking (see id.).
Lastly, we reject petitioner's contention that respondent failed to satisfy the requirements of SEQRA. Our review of respondent's SEQRA determination "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or was an abuse of discretion" (Akpan v Koch, 75 NY2d 561, 570 [1990] [internal quotation marks omitted]). As limited by its petition, petitioner contends that respondent improperly "segmented" its SEQRA review. "Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated, [which is prohibited in order to] prevent[ ] a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review" (Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 550 [2d Dept 1994], lv dismissed in part and denied in part 85 NY2d 854 [1995]; see Sun Co. v City of Syracuse Indus. Dev. Agency, 209 AD2d 34, 47 [4th Dept 1995], appeal dismissed 86 NY2d 776 [1995]). Here, we conclude that respondent's SEQRA determination reflects that respondent considered the impact of each proposed improvement without improperly segmenting its review. To the extent that petitioner now raises contentions in its brief beyond those raised in its petition, those contentions are not properly before us (see generally Matter of Alvarez v Fischer, 94 AD3d 1404, 1405 [4th Dept 2012], lv denied 96 AD3d 1703 [2012]; Matter of Tadasky Corp. v Village of Ellenville, 45 AD3d 1131, 1132 [3d Dept 2007]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court