Matter of Miranda Holdings, Inc. v Town Bd. of the Town of Orchard Park (2022 NY Slip Op 03811)

Matter of Miranda Holdings, Inc. v Town Bd. of the Town of Orchard Park

2022 NY Slip Op 03811

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

66 CA 20-01599

[*1]IN THE MATTER OF MIRANDA HOLDINGS, INC., PETITIONER-PLAINTIFF-RESPONDENT,
v
TOWN BOARD OF THE TOWN OF ORCHARD PARK AND TOWN OF ORCHARD PARK, RESPONDENTS-DEFENDANTS-APPELLANTS. 

BARCLAY DAMON LLP, BUFFALO (ARI M. GOLDBERG OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 26, 2020 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, annulled respondents-defendants' Local Law No. 5 of 2019. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) is a developer who had requested the approval of respondents-defendants Town of Orchard Park and Town Board of the Town of Orchard Park (Town Board) (collectively, respondents) for a proposed commercial structure that included a restaurant with a drive-through window. Petitioner subsequently commenced this hybrid article 78 proceeding and action for declaratory judgment and money damages seeking, inter alia, to invalidate Local Law No. 5, which was adopted in 2019 and, among other things, prohibits the use of drive-through windows for businesses located in the Architectural Overlay District (AOD). The petition-complaint (petition) asserted five causes of action. In the first cause of action, petitioner seeks to annul Local Law No. 5 based on allegations that the Town Board failed to comply with requirements of ECL article 8 (State Environmental Quality Review Act [SEQRA]) because it did not complete any of the necessary SEQRA documentation, including failing to prepare an Environmental Assessment Form (EAF), prior to adopting Local Law No. 5.
Instead of serving an answer, respondents moved to dismiss the petition (see CPLR 3211 [a] [1], [7]). Supreme Court granted the motion in part, dismissed the second and fifth causes of action, and denied the motion with respect to the remaining three causes of action. Additionally, the court granted judgment to petitioner on the first cause of action and annulled Local Law No. 5, stating in its oral decision that "this is a Type 1 action" and that the Town Board violated SEQRA by failing to complete a full EAF. Respondents appeal and we affirm.
Initially, respondents contend that the court erred in granting judgment to petitioner on the first cause of action inasmuch as respondents had not yet answered the petition (see generally CPLR 7804 [f]). We reject that contention. Where, as here, the dispositive facts and the positions of the parties are fully set forth in the record, thereby making it "clear that no dispute as to the facts exists and [that] no prejudice will result from the failure to require an answer," the court may reach the merits of the petition and grant petitioner judgment thereon without giving respondents a further opportunity to answer the petition (Matter of Nassau BOCES Cent. Council of Teachers [*2]v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; see Matter of Laurel Realty, LLC v Planning Bd. of Town of Kent, 40 AD3d 857, 860 [2d Dept 2007], lv denied 9 NY3d 809 [2007]).
We further reject respondents' contention that the court erred in determining that they failed to comply with the requirements of SEQRA prior to adopting Local Law No. 5. Respondents contend that they properly classified the action as unlisted because Local Law No. 5 does not affect the allowable uses of properties in the AOD and instead merely regulates the design of properties by prohibiting a type of window. Thus, respondents contend that, because the adoption of Local Law No. 5 was an unlisted action, they properly completed the requisite short form EAF. We reject that contention. Local Law No. 5 provides that "Drive-Though Windows," defined "as those windows which allow for service of food and other services or product from a window in a structure which allows for such service without the patron leaving his or her vehicle," are "hereby prohibited in the [222-acre AOD]." With that language, the law defines drive-through windows by describing their use—namely, to allow the transfer of food between a structure and a vehicle—and not by describing their appearance, style, or design. Thus, the adoption of that law was a Type I action inasmuch as the law "change[d] [an] allowable use[] within [the AOD], affecting 25 or more acres" (6 NYCRR 617.4 [b] [2]), and respondents were therefore required to complete a full EAF "to determine the significance" of the action (6 NYCRR 617.6 [a] [2]). Because respondents completed only a short EAF, they failed to comply with the procedural requirements of SEQRA (see Centerville's Concerned Citizens v Town Bd. of Town of Centerville, 56 AD3d 1129, 1130 [4th Dept 2008]). Inasmuch as "SEQRA requires strict adherence to its procedural requirements, [respondents'] failure to comply with those procedural requirements cannot be deemed harmless" (Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown, 24 AD3d 1312, 1313 [4th Dept 2005], lv dismissed 7 NY3d 803 [2006]), and "respondents' failure[] in this regard compel[s] annulment of Local Law No. [5] in its entirety" (State of New York v Town of Horicon, 46 AD3d 1287, 1290 [3d Dept 2007]).
Finally, we note that petitioner contends in its brief that the court erred in granting those parts of respondents' motion seeking to dismiss the second and fifth causes of action. Because petitioner did not cross appeal from the judgment, it is precluded from obtaining affirmative relief (see Matter of Baker Hall v City of Lackawanna Zoning Bd. of Appeals, 109 AD3d 1096, 1097 [4th Dept 2013]; see generally Hecht v City of New York, 60 NY2d 57, 61 [1983]). We therefore do not address petitioner's contentions with respect to those causes of action.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court