Matter of Williamsviile Residents Opposed To Blocher Redevelopment, LLC v Village of Williamsville Planning & Architectural Review Bd. (2022 NY Slip Op 05424)

Matter of Williamsviile Residents Opposed To Blocher Redevelopment, LLC v Village of Williamsville Planning & Architectural Review Bd.

2022 NY Slip Op 05424

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

634 CA 21-01052

[*1]IN THE MATTER OF WILLIAMSVIILE RESIDENTS OPPOSED TO BLOCHER REDEVELOPMENT, LLC, CHRISTINE HUNT, DANIEL HUNT, RICHARD CUMMINGS, KATHLEEN CUMMINGS, REBECCA WALSER, RUDOLPH HEIN, WILLIAM HEIN, DIANE HEIN AND VICTORIA D'ANGELO, PETITIONERS-APPELLANTS,
v
VILLAGE OF WILLIAMSVILLE PLANNING AND ARCHITECTURAL REVIEW BOARD, VILLAGE OF WILLIAMSVILLE, NEW YORK, THE BLOCHER HOMES, INC., AND PEOPLE, INC., RESPONDENTS-RESPONDENTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR PETITIONERS-APPELLANTS.
HOPKINS SORGI & MCCARTHY PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), AND BOND, SCHOENECK & KING PLLC, BUFFALO, FOR RESPONDENTS-RESPONDENTS.

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Daniel Furlong, J.), entered July 7, 2021 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the supplemental petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment and seek, inter alia, to annul the determinations of respondent-defendant Village of Williamsville Planning and Architectural Review Board (Planning Board) issuing a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) and granting site plan and architectural review approvals with respect to the proposed repurposing of an existing 57-residential unit, 24,780-square-foot building to an 87-unit mixed-income apartment complex (Project). Petitioners appeal from a judgment dismissing their supplemental petition-complaint. We affirm.
As a preliminary matter, we note that this is properly only a CPLR article 78 proceeding inasmuch as the relief sought by petitioners is available under CPLR article 78 without the necessity of a declaration (see generally CPLR 7801).
Petitioners contend that the negative declaration must be annulled because the Planning Board failed to complete a full environmental assessment form (EAF) pursuant to SEQRA. We agree with petitioners that the Planning Board improperly classified the Project as an unlisted action (see 6 NYCRR 617.2 [al]), rather than as a type I action (see 6 NYCRR 617.4). Although SEQRA's procedural mechanisms are in place to ensure that SEQRA's purposes are not thwarted, and therefore strict compliance with procedural mechanisms is required (see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347 [1996]; Centerville's Concerned [*2]Citizens v Town Bd. of Town of Centerville, 56 AD3d 1129, 1130 [4th Dept 2008]), a misclassification does not always lead to the annulment of the negative declaration if the lead agency conducts the equivalent of a type I review notwithstanding the misclassification (see e.g. Matter of Hartford/North Bailey Homeowners Assn. v Zoning Bd. of Appeals of Town of Amherst, 63 AD3d 1721, 1723 [4th Dept 2009], lv denied in part and dismissed in part 13 NY3d 901 [2009]). Here, the Planning Board conducted a coordinated review and its meeting minutes and the comprehensive 31-page negative declaration demonstrate that it thoroughly addressed the environmental factors that were necessary to issue the SEQRA negative declaration even upon a type I evaluation (see Matter of Residents Against Wal-Mart v Planning Bd. of Town of Greece, 60 AD3d 1343, 1344 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk, 158 AD2d 801, 803-804 [3d Dept 1990], lv denied 76 NY2d 706 [1990]; see also Matter of Steele v Town of Salem Planning Bd., 200 AD2d 870, 872 [3d Dept 1994], lv denied 83 NY2d 757 [1994]). Inasmuch as the Planning Board "consider[ed] the same criteria when making a determination concerning significant adverse environmental impacts whether the action was classified as type I or unlisted" (Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d 1060, 1061 [3d Dept 2008]), we conclude that the Planning Board properly complied with SEQRA's mandates (see Matter of Coursen v Planning Bd. of Town of Pompey, 37 AD3d 1159, 1160 [4th Dept 2007]; cf. Matter of Miranda Holdings, Inc. v Town Bd. of the Town of Orchard Park, 206 AD3d 1662, 1663-1664 [4th Dept 2022]; Centerville's Concerned Citizens, 56 AD3d at 1130).
We further reject petitioners' contention that the Planning Board erred in determining that the project will have no significant adverse impact on the environment. Here, the Planning Board "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; see Hartford/North Bailey Homeowners Assn., 63 AD3d at 1723-1724).
Finally, we have considered petitioners' remaining contentions regarding the site plan and architectural review approvals and conclude that they do not warrant modification or reversal of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court