Potentia Mgt. Group, LLC v Ratajczyk (2024 NY Slip Op 02434)

Potentia Mgt. Group, LLC v Ratajczyk

2024 NY Slip Op 02434

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

242 CA 23-01655

[*1]POTENTIA MANAGEMENT GROUP, LLC, PLAINTIFF-APPELLANT,
v
JEREMY RATAJCZYK, INDIVIDUALLY AND DOING BUSINESS AS ALDEN AUTOMOTIVE, AND RATAJCZYK PROPERTIES, LLC, DEFENDANTS-RESPONDENTS. 

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-APPELLANT.
MCGRATH LAW FIRM, PLLC, KENMORE (PETER MCGRATH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (James P. McClusky, J.), entered September 20, 2023. The order granted the motion of defendants insofar as it sought to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this breach of contract action, plaintiff seeks judgment against defendants in the amount of $18,535.26, plus interest and costs. Plaintiff installed LED lighting at premises in Erie County owned by defendant Ratajczyk Properties, LLC, pursuant to a contract between plaintiff and nonparty Alden Automotive, Inc., a corporation owned by defendant Jeremy Ratajczyk. Plaintiff did not receive payment. Two months after "nail and mail" service of the summons and complaint on Jeremy Ratajczyk pursuant to CPLR 308 (4), plaintiff's counsel filed a statement for judgment. However, plaintiff's counsel never served the judgment on defendants with notice of entry. Defendants moved for, inter alia, an order vacating the default judgment on the ground that plaintiff's application for the judgment failed to comply with the statutory requirements of CPLR 3215. Supreme Court granted the motion insofar as it sought to vacate the judgment. Plaintiff appeals and we now affirm.
"[I]t is well settled that courts have inherent power to open defaults beyond that which is contained in the CPLR . . . and that, where a default judgment is entered without compliance with the necessary requirements therefor, that judgment is a nullity and must be vacated" (Red Creek Natl. Bank v Blue Star Ranch, 58 AD2d 983, 983-984 [4th Dept 1977]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Here, plaintiff's application for a default judgment failed to comply with the requirements of CPLR 3215 (f) inasmuch as plaintiff failed to include an affidavit or other proof of defendants' default, proof of service on defendant Ratajczyk Properties, LLC, and an affidavit attesting to service of additional notice on defendant Jeremy Ratajczyk pursuant to CPLR 3215 (g) (3) (i). The default judgment was therefore a nullity and the court properly vacated it (see Curto v Diehl, 87 AD3d 1374, 1375 [4th Dept 2011]; Soggs v Crocco, 184 AD2d 1021, 1021 [4th Dept 1992]). In light of our determination, we do not reach plaintiff's remaining contentions.
Defendants' contention that the court erred in denying their motion insofar as it sought to dismiss the complaint is not properly before us inasmuch as defendants failed to take a cross-appeal from the order (see Matter of Miranda Holdings, Inc. v Town Bd. of the Town of Orchard Park, 206 AD3d 1662, 1664 [4th Dept 2022], lv dismissed 39 NY3d 937 [2022]; Reynhout v Hueston, 70 AD3d 1409, 1409 [4th Dept 2010]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court